**Joy K. ADAMSON, Plaintiff,**

v.

**DATACO DEREX, INC., Defendant.**

**No. 97–2438–JWL.**

United States District Court,
D. Kansas.

Feb. 13, 1998.

---

Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, Shellie L. James, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Overland Park, KS, for plaintiff.

Marie L. Gockel, Lynne J. Bratcher, Bratcher & Gockel, L.C., Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is presently before the court on plaintiff's motion to dismiss defendant's counterclaim for lack of subject matter jurisdiction (Doc. # 4). For the reasons set forth below, plaintiff's motion is granted.

*Background*

On September 3, 1997, plaintiff Joy K. Adamson filed a complaint against defendant Dataco Derex, Inc. alleging various claims arising out of her employment with Dataco. Specifically, Ms. Adamson alleges that conduct by agents of Dataco constituted a sexually hostile work environment, gender discrimination, and retaliation in violation of Title VII. Ms. Adamson also claims Dataco discriminated against her on the basis of an alleged disability in violation of the Americans with Disabilities Act. Finally, in addition to several tort claims, Ms. Adamson alleges that Dataco discharged her in violation of the public policy of the State of Kansas for asserting her rights under the workers' compensation laws.

On November 26, 1997, Dataco filed its answer to Ms. Adamson's complaint and a counterclaim against Ms. Adamson alleging violations of the Uniform Trade Secrets Act,

K.S.A. § 60–3320 et seq., and common law trover and conversion. Specifically, Dataco claims that "at or before the time that [Ms. Adamson] left the employment of [Dataco,] [she] misappropriated confidential trade secrets of [Dataco] for her personal benefit and use in a business that she owns which sells supplies and equipment in competition with [Dataco]."

Ms. Adamson moves to dismiss Dataco's counterclaim on the grounds that the counterclaim is permissive, rather than compulsory, and that there is no independent basis of federal jurisdiction. Dataco contends the counterclaim is compulsory ·and, thus, the court has jurisdiction to consider it.[1]

As set forth in more detail below, the court agrees with Ms. Adamson that Dataco's counterclaim is permissive. Because the counterclaim does not rest on independent grounds of federal jurisdiction, the court does not have jurisdiction to consider it. Accordingly, Ms. Adamson's motion to dismiss is granted.

*Discussion*

As set forth above, whether the court has jurisdiction over Dataco's counterclaim depends upon whether the counterclaim is permissive or compulsory. *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir.1974); *Gus T. Handge & Son Painting Co. v. Douglass State Bank*, 543 F.Supp. 374, 380 (D.Kan.1982). If the counterclaim is compulsory, the court has jurisdiction to consider it. *Pipeliners Local Union No. 798*, 503 F.2d at 1198; *Gus T. Handge & Son Painting Co.*, 543 F.Supp. at 380 (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). If the counterclaim is permissive, however, it must rest upon an independent ground of federal jurisdiction. *Pipeliners Local Union No. 798*, 503 F.2d at 1198.

According to the Federal Rules of Civil Procedure, a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). On the other hand, a counterclaim "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim" is permissive. Fed.R.Civ.P. 13(b). Thus, the sole issue for consideration is whether Dataco's claim "arises out of the same transaction or occurrence" as Ms. Adamson's claims.

The Tenth Circuit has adopted four factors in determining whether a counterclaim "arises out of the same transaction or occurrence" as the opposing party's claim. *See Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir.1997) (citing *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir.1974)). Specifically, a counterclaim is compulsory if: (1) the issues of fact and law raised by the claim and counterclaim are largely the same; (2) res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence supports or refutes plaintiff's claims as well as defendant's counterclaim; and (4) there is a logical relation between the claim and the counterclaim. *Fox*, 112 F.3d at 457 (quoting *Pipeliners Local Union No. 798*, 503 F.2d at 1198). The "logical relation" test is the most controlling. *Pipeliners Local Union No. 798*, 503 F.2d at 1199 (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). Based upon a review of these factors, the court concludes that the counterclaim asserted by Dataco is permissive.[2]

First, the issues of fact and law raised by Ms. Adamson's claims and those issues raised by Dataco's counterclaim are different. Significantly, Dataco does not contend that it terminated Ms. Adamson's employment (or took any other adverse action) based on its belief that she misappropriated trade secrets. In other words, the allegations in Dataco's

---

**1.** Dataco acknowledges that both claims asserted in its counterclaim arise under Kansas law and that there is no diversity of citizenship.

**2.** The court recognizes that "courts have given the terms 'transaction' and 'occurrence' ... flexible and realistic constructions in order to effect 'judicial economy,' i.e., trial in one action of all

related controversies between the parties and, of course, the avoidance of multiplicity of suits." *Pipeliners Local Union No. 798*, 503 F.2d at 1198. Nonetheless, the court believes judicial economy would not be well served by trying two separate and distinct lawsuits in one action.

counterclaim do not constitute Dataco's defense to the allegations in Ms. Adamson's complaint. Rather, Dataco's counterclaim simply alleges that Ms. Adamson resigned her employment with Dataco and, either before or at the time of her resignation, misappropriated confidential trade secrets.[3]

Thus, whether Ms. Adamson misappropriated trade secrets has no legal or factual relationship to whether Ms. Adamson is entitled to judgment in this case. Similarly, whether Dataco intentionally discriminated against or retaliated against Ms. Adamson has no legal or factual relationship to whether Dataco would be entitled to a judgment on its counterclaim. In the absence of this nexus, the court finds the relation between Ms. Adamson's claims and Dataco's counterclaim insufficient to support a finding that the counterclaim is compulsory.[4]

Second, judgment on Ms. Adamson's claim would not bar a subsequent suit for misappropriation by Dataco. Res judicata, or claim preclusion, "generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action." *Driver Music Co. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1435 (10th Cir.1996) (quoting *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980))). Res judicata principles bar a claim "when the prior action involved identical claims and the same parties or their privies." *Id.* (quoting *Frandsen*, 46 F.3d at 978).

Clearly, Dataco's counterclaim for misappropriation of trade secrets is not "identical" to any of the discrimination or tort claims asserted by Ms. Adamson. The claims of the respective parties are based on different legal theories and depend upon different operative facts. *See Driver Music Co.*, 94 F.3d at 1435–36 ("No searching analysis is required to conclude that [defendant's] claim for set-off is not identical to [plaintiff's] contract and bad faith claims. Each sounds in a different legal theory and depends for its resolution on different operative facts."). Although there is a link between Ms. Adamson's claims and Dataco's counterclaim in that all claims arise out of the employment relationship, that link is far too tenuous to render Dataco's claim

**3.** Dataco argues that, contrary to Ms. Adamson's claims for discriminatory and retaliatory discharge, Ms. Adamson voluntarily resigned her employment to start her own business. Thus, according to Dataco, Ms. Adamson's reasons for leaving her employment constitute a "crucial linchpin" in both its counterclaim and Ms. Adamson's claims. The court does not believe this "linchpin" is sufficient to render a counterclaim for misappropriation compulsory. Clearly, an inquiry into the reasons underlying Ms. Adamson's alleged resignation is crucial to both Ms. Adamson's claims and Dataco's defense of those claims. Whether Ms. Adamson misappropriated trade secrets, however, has no bearing on the underlying reasons for her alleged resignation.

**4.** Seemingly in passing, Dataco suggests that its counterclaim is compulsory because "under the after-acquired evidence doctrine, proof of the facts underlying [Dataco's] counterclaim would have provided an independent basis for [Ms. Adamson's] termination of employment that could reduce or eliminate [her] recoverable damages." Although such an argument might be viable in an appropriate case, Dataco has failed to present the court with sufficient factual or legal analysis to support its assertion.

In any event, the court notes that Dataco's entitlement to assertion of the after-acquired evidence doctrine, which could affect Ms. Adamson's entitlement to damages, does not necessarily render its counterclaim compulsory. To support an application of the after-acquired evidence doctrine, Dataco must demonstrate to the jury that it was unaware of the alleged misconduct when Ms. Adamson resigned (or was constructively discharged) and that the alleged misconduct "was serious enough to justify discharge and that [Dataco] would have discharged [Ms. Adamson] if it had known about those allegations." *Ricky v. Mapco, Inc.*, 50 F.3d 874, 876 (10th Cir.1995) (citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360–63, 115 S.Ct. 879, 886–87, 130 L.Ed.2d 852 (1995)). If Dataco proves these elements, Ms. Adamson's potential damages may be reduced. *See McKennon*, 513 U.S. at 363, 115 S.Ct. at 887. However, actual proof of Ms. Adamson's liability for "misappropriation" under the applicable statute or "conversion" under common law is not required and, in fact, is a wholly separate inquiry. Thus, a jury's conclusions concerning Dataco's after-acquired evidence theory would not impact, on res judicata principles, a subsequent suit against Ms. Adamson for the claims asserted in Dataco's counterclaim.

for misappropriation a compulsory counterclaim.

Third, resolution of the majority of Ms. Adamson's claims turns on whether Dataco intentionally discriminated against her on the basis of her sex or disability and whether Dataco retaliated against Ms. Adamson for engaging in protected activity. At trial, the jury is likely to hear evidence with respect to the nature of the work environment and the treatment of women in the workplace; the nature of Ms. Adamson's alleged disability and the availability of reasonable accommodations; Ms. Adamson's work performance; and the circumstances surrounding Ms. Adamson's resignation or termination from employment.

Resolution of Dataco's counterclaim depends on whether Ms. Adamson used Dataco's trade secrets, acquired through improper means, without Dataco's consent. *See* K.S.A. § 60–3320(2). At trial, the jury would likely hear evidence with respect to the nature of the alleged trade secrets; Ms. Adamson's access to such information; and the extent to which Ms. Adamson may have used such information in a competing business. Consequently, Ms. Adamson's claims contemplate reference to evidence different from the evidence pertinent to proving or refuting Dataco's counterclaim.

Finally, for all the reasons set forth above, the only logical relation between Ms. Adamson's claims and Dataco's counterclaim is that all claims arise out of the employment relationship. This relationship, without more, is insufficient to render Dataco's counterclaim compulsory. *See Spencer v. Banco Real, S.A.*, 623 F.Supp. 1008, 1011–12 (S.D.N.Y.1985) (counterclaims alleging that plaintiff misappropriated trade secrets and customer lists during employment not "logically related" to plaintiff's Title VII claims). *See also Ginsberg v. Valhalla Anesthesia Assocs.*, 971 F.Supp. 144, 147 (S.D.N.Y.1997) (counterclaim alleging breach of contract by employee not sufficiently related to discrimination claims where "sole connection is that the counterclaim relates to plaintiff's employment"); *Worlds v. National Railroad Passenger Corp.*, No. 84–C–10027, 1988 WL 139252, at *6 (N.D.Ill. Dec. 22, 1988) (counterclaim alleging fraudulent conduct by employee not sufficiently related to discrimination claim).

In sum, considering the four factors adopted by the Tenth Circuit, the court finds that the allegations in Dataco's counterclaim do not "arise out of the same transaction or occurrence" as Ms. Adamson's claims and concludes that the counterclaim is permissive. As there is no independent basis for federal jurisdiction, the counterclaim must be dismissed. Ms. Adamson's motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to dismiss defendant's counterclaim (Doc. # 4) is granted.

**IT IS SO ORDERED.**