**In re BLIER CEDAR COMPANY, INC., Debtor.**

**OXFORD BANK & TRUST COMPANY, Plaintiff,**

v.

**Richard E. POULOS, Trustee, Defendant Third Party.**

**Bankruptcy No. 78–159ND.**

**Adv. 80–11.**

United States Bankruptcy Court, D. Maine.

Nov. 12, 1980.

Thomas G. Leahy, Monaghan & Leahy, Portland, Me., for plaintiff.

Richard E. Poulos, Portland, Me., for defendant.

## MEMORANDUM OF DECISION

CONRAD K. CYR, Bankruptcy Judge.

Oxford Bank & Trust Company [Oxford] moves to dismiss the defendant–trustee's [trustee] second and fourth counterclaims under Bankruptcy Rule 712 and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Oxford also seeks to strike the fourth affirmative defense of the trustee under Federal Rule of Civil Procedure 12(f) as insufficient and/or redundant.

*Motion to Dismiss Second Counterclaim*

The second counterclaim alleges that Oxford acted improvidently in granting the debtor a $400,000 loan because it knew or should have known of the debtor's precari-

ous financial condition. The trustee demands compensatory damages in the amount of $750,000 and, because the bank allegedly acted recklessly, wantonly, maliciously and willfully in granting the $400,000 loan, $2,500,000 in punitive damages.

*Motion to Dismiss Fourth Counterclaim and Motion to Strike Fourth Affirmative Defense*

The fourth counterclaim alleges that Oxford's loans to the debtor between March 1977 and March 1978 constitute unconscionable contracts giving rise to unenforceable claims. The trustee charges that Oxford acted maliciously, wantonly and willfully in extending those loans, and prays for $1,000,000 in compensatory damages and $2,500,000 in punitive damages.

The second and fourth counterclaims, as well as the fourth affirmative defense, proceed on a theory of tortious unconscionability. The defendant has not persuaded the court that the making of an unconscionable or improvident loan is an actionable tort.

■ The lender–borrower relationship between Oxford and the debtor was contractual in nature. The parties recognize the general rule, applicable in Maine[1] and elsewhere,[2] that punitive damages are not ordinarily recoverable in actions for breach of contract. The general rule does not obtain in exceptional cases where the breach amounts to an independent, willful tort for which punitive damages may be recovered upon proper proof of malice, wantonness, or oppression, as for example, in an action by an insured against a liability insurer for bad–faith failure to settle a claim against the insured. *Fletcher v. Western National Life Insurance Company*, 10 Cal.App.3d 376, 89 Cal.Rptr. 78 (1970). In the *Fletcher* case, it was the tortious breach of a special duty arising out of the relationship between the parties which warranted the imposition of punitive damages in an otherwise purely contractual context.

■ Punitive damages may be awarded in an action for breach of contract where the acts constituting the breach also amount to a willful, independent tort.[3] It is upon the underlying tortious conduct that punitive damages are based. See *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 155 (Me.1979); *Berthiaume v. Pratt*, 365 A.2d 792, 794 (Me.1976). The trustee cites *Wallace v. Coca Cola Bottling Plants, Inc.*, 269 A.2d 117 (Me.1970) [recognizing the tort of negligent infliction of emotional distress] and *Vicnire v. Ford Motor Credit Co.*, supra [recognizing the tort of intentional infliction of emotional distress] as authority for the proposition that the court has inherent power to recognize the tort of "unconscionability," the breach of which, if malicious, willful or wanton, would justify the imposition upon Oxford of punitive damages. No reported case recognizes the making of an unconscionable loan as an actionable tort. A lone law review article is the sole support cited by the trustee.[4] The court declines the invitation to venture so far under such fragile auspices.

Accordingly, the motion to dismiss the second and fourth counterclaims for failure to state a claim upon which relief can be granted, and the motion to strike the fourth affirmative defense as insufficient should be allowed. Enter order.

---

1. *Forbes v. Wells Beach Casino, Inc.*, 409 A.2d 646 (Me.1979).

2. *See generally*, 25 C.J.S. Damages § 120.

3. *Roger Lee, Inc. v. Trend Mills, Inc.*, 410 F.2d 928, 929 (5 Cir., Fla.1969); *Allstate Ins. Co. v. Gibbs*, 340 So.2d 1202, 1204 (Fla.App.1976).

4. King, *The Tort of Unconscionability: A New Tort for New Times*, 23 St. Louis L.Rev. 97 (1979).