**Maureen SAVAGE, Plaintiff,**

v.

**HOLIDAY INN CORPORATION, INC., Harrah's Inc., Does I–X, inclusive, A, B, C, Corporation, X, Y, Z, Partnership, D, E, F, Limited Partnership, Defendants.**

**No. CV–R–84–168–ECR.**

United States District Court,
D. Nevada.

Feb. 21, 1985.

Charles R. Zeh, Reno, Nev., for plaintiff.

Janet Beronio, Stateline, Nev., and Philip L. Ross and John H. Feldmann, III, San Francisco, Cal., for Harrah's Inc.

No appearance has been entered by Holiday Inn Corporation, Inc.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Harrah's, Inc. (Defendant) has moved the Court to dismiss the Fifth and Sixth Causes of Action set forth in the Complaint for failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)). In addition, the motion asks the Court to strike as immaterial and impertinent (Fed.R.Civ.P. 12(f)) paragraph no. 8 of the Complaint, which contains allegations as to the fictitious defendants, and paragraph no. 5 of the Fourth Cause of Action, which contains allegations that the plaintiff is entitled to damages for humiliation, embarrassment, anxiety and harm to her physical health, mental health and reputation.

The plaintiff is a woman in her early fifties who contends that she was terminated as an employee of Harrah's, Inc., by reason of discrimination based on age and sex. Such discriminatory firing violated both federal law, 42 U.S.C. § 2000e et seq. (Title VII) and 29 U.S.C. § 621 et seq. (ADEA), and Nevada statute, NRS 613.310 et seq., according to the Complaint. Further, she alleges that the wrongful conduct constituted a breach of an employment contract between her and the defendants.

In the Fifth Cause of Action, the plaintiff seeks punitive damages for her wrongful termination in breach of public policy. Defendant argues that punitive damages may not be awarded for violations of either Title VII or the ADEA. Nor may such damages be recovered under the State statutes invoked by the plaintiff, Defendant contends. Defendant further alleges that Nevada has never adopted the tort cause of action for wrongful termination in breach of public policy and, even if it had, the employment discrimination statutes would be the exclusive remedy available to the plaintiff.

The plaintiff has conceded that punitive damages are not recoverable under either Title VII or the ADEA. However, she disputes the contention that Nevada hasn't adopted the wrongful termination in derogation of public policy exception to the "at-will" employment doctrine. The "at-will" employment rule provides that employment for an indefinite term may be terminated at any time for any reason by either the employee or the employer without legal liability. Dissent of Steffen, J. in *Southwest Gas Corp. v. Ahmad,* 99 Nev. 594, 668 P.2d 261, 262 (1983).

First of all, the plaintiff asserts that the State has never embraced the "at-will" doctrine. Second, she cites the recent Nevada Supreme Court opinion in *Hansen v. Harrah's,* 100 Nev.Adv.Op. 8, 675 P.2d 394 (1984), for the proposition that there would

be a public policy exception to the doctrine even if it were recognized. Because wrongful termination in violation of public policy is a tort cause of action, the plaintiff insists that consequential, general and punitive damages are all recoverable.

In reply, Defendant asserts that *Hansen* creates only a narrow exception to the "at-will" employment rule, for discharge of an employee in retaliation for his or her filing of a workmen's compensation claim. Further, any exception wouldn't apply where state statute provides detailed procedures and remedies for discrimination in employment, as does Nevada. Finally, Defendant points out that the plaintiff's termination occurred prior to the *Hansen* decision, so that it would be unfair to award punitive damages against a defendant who couldn't have known beforehand that his conduct would be actionable.

The employers argued, in *Hansen,* that the "at-will" employment rule was in effect in Nevada and that the State's extensive workmen's compensation laws provided the exclusive remedies available to an employee. 675 P.2d at 396. The opinion answers: "We are not persuaded." *Ibid.* It holds that the "at-will" rule is subject to limited exceptions (plural) founded upon strong public policy. On page 397 the Court declares that retaliatory discharge for the filing of a workmen's compensation claim by an employee is actionable in tort, so that statutory remedies are not exclusive. On the same page, the opinion holds that, as with any intentional tort, punitive damages are appropriate when the terminated employee can demonstrate the requisite malicious, oppressive or fraudulent conduct on the part of the employer. However, the Court decided that it would be unfair to impose punitive damages in the case before it, since the tort cause of action for retaliatory discharge was being adopted for the first time by the Nevada Supreme Court in that very case. Punitive damages are justified as punishment of the offender; an employer should not be punished for conduct it could not have known beforehand was actionable in the jurisdiction. 675 P.2d at 397; *see also Brown v. Transcon Lines,*

284 Or. 597, 588 P.2d 1087, 1095 (Ore.1978). The *Hansen* opinion was handed down January 25, 1984. It reversed lower court dismissals of the plaintiffs' complaints, that had been based on failure to exhaust administrative remedies and the lack of recognition in Nevada of a retaliatory discharge exception to the "at-will" employment rule. The plaintiff in the present case was terminated October 12, 1983. Since that date antedated the *Hansen* opinion, it would be improper to assess punitive damages against Defendant for violation of the public policy exception to the "at-will" doctrine.

█ Retaliatory discharge for the filing of a workmen's compensation claim is not here involved. The plaintiff's position is that her firing was motivated by her employer's discriminatory bias against older employees and female employees. When a state's legislature has enacted legislation that forbids certain conduct, that conduct is against public policy. *Lucas v. Brown & Root, Inc.,* 736 F.2d 1202, 1205 (8th Cir. 1984); *Tameny v. Atlantic Richfield Co.,* 610 P.2d 1330, 1332–3 (Cal.1980). NRS 233.010(1) specifically declares that it is the public policy of the State of Nevada to foster the right of all persons to hold employment without discrimination because of age or sex. Further, NRS 613.330(1) makes it an unlawful employment practice for an employer to discharge any person because of his or her sex or age. It seems safe to conclude that Nevada has a strong public policy against age or sex discrimination in employment. In light of the *Hansen v. Harrah's* opinion, this Court predicts that the Nevada Supreme Court, if and when it faces the question, will recognize that sex or age discrimination fits into the public policy exception to the "at-will" employment doctrine.

█ The standards applicable to a motion to dismiss are that the plaintiff's allegations are to be assumed to be true, that the complaint should be construed in light favorable to the plaintiff, and that a claim should not be dismissed unless it appears

beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. *See United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1980). Applying those principles, the Fifth Cause of Action, which alleges wrongful termination in breach of public policy, should not be dismissed. However, paragraph 2 thereof, which claims that the plaintiff is entitled to punitive damages therefor, must be stricken.

■ The Sixth Cause of Action sounds in the tort of breach of covenant of fair dealing. It incorporates all of the preceding paragraphs of the Complaint and further alleges that there is an implied covenant of good faith and fair dealing in every employment contract, which the defendants violated as to the plaintiff.

Defendant maintains that neither the Legislature nor the courts of Nevada have ever adopted a cause of action for breach of any implied covenant of good faith and fair dealing in employment situations. The plaintiff, in response, cites cases which suggest that the implied covenant is intimately related to the public policy exception. Therefore, if a state's courts recognize the exception, they probably also would recognize the implied covenant.

The seminal case in Nevada seems to be *Aluevich v. Harrah's,* 99 Nev. 215, 660 P.2d 986 (1983), which revolved around a lessor's exercise of an option to cancel a gift shop lease by giving ninety days' notice. The appellant there argued that the option had been exercised so that the lessor might open its own gift shop on the premises, thus usurping the appellant's profitable business, which had been developed over a period of ten years. The opinion noted that in a 1975 case the Nevada Supreme Court recognized an implied covenant of good faith and fair dealing in a case where an insurer had refused, without proper cause, to compensate an insured for a loss covered by his policy. 660 P.2d at 987. On the same page, the *Aluevich* Court continues:

> The dissent correctly notes that an implied covenant of good faith and fair dealing has mainly been implied in contractual relations which involve a special element of reliance such as that found in partnership, insurance and franchise agreements. The case relied on by the dissent concerned a situation where one party has traditionally held vastly superior bargaining power—the termination of a salesperson's "at will" employment contract. *Fortune v. National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251, 1253 (Mass.1977).

The need to show the existence of the special element of reliance, before the implied covenant of good faith may be applied to the termination of an "at-will" contract, is emphasized again in *Dalton Properties, Inc. v. Jones,* 100 Nev.Adv.Op. 88, 683 P.2d 30, 31 (1984). Both *Aluevich* and *Dalton Properties* determined that the evidence had failed to prove the special element of reliance. Nevertheless, it should be noted that the above-quoted portion of the *Aluevich* opinion acknowledges that traditionally the employer holds vastly superior bargaining power when negotiating an "at-will" employment contract. The implied covenant has been applied elsewhere in employment contexts. *See Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367, 1374 (9th Cir.1984); *Cancellier v. Federated Department Stores,* 672 F.2d 1312, 1318 (9th Cir.1982). At the present stage of the instant action it cannot be said that it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. Therefore, Defendant's motion to dismiss the Sixth Cause of Action should be denied. This Cause of Action does not allege entitlement to punitive damages, so that is not at issue.

The plaintiff has conceded that the Ninth Circuit frowns upon the naming of fictitious persons as defendants (e.g., *Craig v. United States,* 413 F.2d 854, 856 (9th Cir. 1969), and *Sigurdson v. DelGuerico,* 241 F.2d 480, 482 (9th Cir.1956)) and acquiesces in the striking of paragraph no. 8 of her Complaint, which deals solely with such defendants.

Defendant's motion to strike the portion of paragraph no. 5 of the Fourth Cause of

Action, which asks damages for humiliation, embarrassment, anxiety and harm to the plaintiff's physical health, mental health and reputation, is based on the premise that such damages are not recoverable in an action based on breach of contract. The Fourth Cause of Action alleges breach of the plaintiff's contract of employment with the defendants.

 In response, the plaintiff points out that the allegations of said paragraph no. 5 are incorporated by reference into the Fifth and Sixth Claims for Relief, both of which sound in tort. Tort damages are recoverable when an employer's discharge of an employee contravenes public policy. *Tameny v. Atlantic Richfield Co.*, 610 P.2d 1330, 1336 (Cal.1980); *see also Hansen v. Harrah's*, 675 P.2d at 397. The same is true 'where the claim is based on breach of the implied covenant of good faith and fair dealing. *Cancellier v. Federated Department Stores*, 672 F.2d at 1318. The invocation of Title VII or the ADEA does not bar other remedies available under pendent state claims. *See Ibid.; Kelly v. American Standard, Inc.*, 640 F.2d 974, 983 (9th Cir.1981); *Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066, 1068 (9th Cir.1978). Therefore, the motion to strike paragraph no. 5 should be granted as to the Fourth Cause of Action, but not as to the Fifth and Sixth Causes of Action.

IT IS, THEREFORE, HEREBY ORDERED AS FOLLOWS:

1) Defendant Harrah's, Inc.'s motion to dismiss the Fifth Cause of Action is denied, but nevertheless, paragraph no. 2 thereof, which claims entitlement to punitive damages, shall be stricken.

2) Defendant Harrah's, Inc.'s motion to dismiss the Sixth Cause of Action is denied.

3) Defendant Harrah's, Inc.'s motion to strike paragraph no. 8 of the Complaint, dealing with fictitious defendants, is granted.

4) Defendant Harrah's, Inc.'s motion to strike paragraph no. 5 of the Fourth Cause of Action, which deals with certain general

damages, is granted insofar as it applies to the Fourth Cause of Action, but is denied insofar as said paragraph has been incorporated into the Fifth and Sixth Causes of Action.