**Howard GREENE, Plaintiff,**

**v.**

**UNION MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 84–0126P.**

United States District Court,
D. Maine.

Nov. 15, 1985.

Thomas R. McNaboe, John R. Bass, Thompson, McNaboe & Ashley, Portland, Me., for plaintiff.

Richard G. Moon, Perkins Thompson Hinckley & Keddy, Ann H. Mohnkern, Portland, Me., for defendant.

### OPINION AND ORDER

GENE CARTER, District Judge.

■ In this action Plaintiff's claims were dismissed under Local Rule 19(c) when he failed to respond to a motion to dismiss filed by Defendant. The Court denied Plaintiff's motion for reconsideration on the grounds that Plaintiff had not shown under Fed.R.Civ.P. 60(b) that the failure to respond was the result of excusable neglect. On appeal, the Court of Appeals for the First Circuit held that too much of the complaint had been dismissed since the motion which the Court had granted had requested dismissal only of Counts III and IV and certain requests for relief in Counts I and II. Therefore, the Court mandated reinstatement of Counts I and II. Since the whole case had not been properly dismissed, the Court found that the dismissal of Counts III and IV and portions of Counts I and II was an interlocutory order. Motions for reconsideration of interlocutory orders are, the Court of Appeals held, properly addressed to the inherent authority of the Court and should not be considered under the more rigid standards of Rule 60(b). Therefore, the Court of Appeals remanded the case for this Court to consider Plaintiff's motion for reconsideration under the appropriate "interests of justice standard." [1] That is the proceeding now before the Court.

---

1. The ruling of the Court of Appeals poses an interesting theoretical problem for this Court. If a defendant moves to dismiss all claims and the motion is granted and judgment subsequently entered under Rule 19(c) for failure to object, any motion for reconsideration must be considered under the guidelines set forth in Fed.R. Civ.P. 60(b), according to this circuit's Court of Appeals. If however, a defendant moves to dismiss only some of plaintiff's claims and the motion is granted and judgment entered under Rule 19(c), a motion for reconsideration is addressed to the sound discretion of the Court and is to be decided "in the interests of justice." In

In assessing where the interests of justice lie, the Court will consider first the factors suggested by the Court of Appeals in its opinion remanding the case: egregiousness of the noncompliance, prejudice caused to the moving party by the delay; proffered excuse for the delay; and prejudice to the unwitting Plaintiff, who was not personally involved in the delay. Noncompliance by Plaintiff's attorney was not egregious; there was only a six-day delay in the filing of the objection to the motion to dismiss. As the Court of Appeals noted, no prejudice was occasioned to Defendant by the delay. The neglect of counsel was plainly that. He has offered no suitable excuse for the late filing. It is clear, as this Court has stated on many occasions, that such neglect inhibits the orderly function of the Court.

■ The Court of Appeals seemed to agree with Defendant that there was little prejudice occasioned to the Plaintiff by dismissal of the claims because his "basic claim" of age discrimination was reinstated by that Court. *Greene v. Union Mutual Life Insurance Co.*, 764 F.2d 19, 23 (1st Cir.1985). This Court thinks, however, that Plaintiff has raised some provocative issues of Maine law in his pleadings, the resolution of which may result in significantly different measures of relief being available to Plaintiff. Plaintiff, therefore, will possibly be seriously prejudiced if the motion to dismiss is not addressed on its merits. On balance, then, after considering the factors suggested by the Court of Appeals, this Court finds that the interests of justice require setting aside the order dismissing Counts III and IV and the prayers for relief in Counts I and II not reinstated by the order of the Court of Appeals.

This finding is reinforced by the fact that aside from this one procedural lapse, Plaintiff's counsel has been diligent in the prosecution of this case. Soon after the missed deadline, he filed the appropriate objection and memorandum. Apart from the litigation engendered over Rule 19(c), the litigation of this case was not substantially delayed nor the docket disrupted by the failure to file. *See Denman v. Shubow*, 413 F.2d 258 (1st Cir.1969).

Enforcement of the Local Rule is imperative to the proper functioning of the Court and is not to be lightly regarded. The Court is satisfied, however, that despite the plain violation of Rule 19(c), there are enough mitigating factors in the present posture of this case to warrant setting

---

general, that standard has been construed as being more flexible and lenient than the "excusable neglect" standard in Rule 60(b). The two different standards parallel those applied in motions to set aside entry of default and to set aside the entry of default judgment. The significant difference in the situation presented here is that the mere fortuity of the breadth of a defendant's motion to dismiss determines whether the stricter or more lenient standard will apply. In the case of default, the heightened standard reflects the temporal progression of the case. Before its application, plaintiff has the opportunity to have the default set aside under the lesser standard.

In order to ameliorate what the Court sees as a potential unfairness in the fortuitous application of differing standards for reconsideration of decisions made under Rule 19(c), the Court will institute the following procedure. Presently, when a decision is issued under Rule 19(c), the parties receive notification of the granting of the motion without objection, and judgment is not entered for a period after that. From the date of this Order, the notice to the parties will advise them that judgment will be entered twenty (20) days from the date of the Rule 19(c) order. Any motion for reconsideration filed before entry of judgment will be considered under the "interests of justice" standard.

After judgment, Rule 60(b) will be applied to those motions for reconsideration of cases which have been dismissed in their entirety. As the Court of Appeals has instructed, the "interests of justice" standard will again be applied to cases in which only portions of the complaint have been dismissed. In exercising its discretion in this post-judgment situation, however, the Court will weigh heavily the delay in moving for reconsideration and will scrutinize with great care the excuse given for failure to object to the granted motion in a timely fashion. By permitting every motion for reconsideration to be considered under the "interests of justice" standard if it is filed before entry of judgment on the motion, the Court feels any potential unfairness has been avoided. The Court notes that under the procedure here announced, Plaintiff's motion for reconsideration, filed before the twenty-day period had passed, would have been considered under the "interests of justice" standard.

aside the order dismissing Plaintiff's claims in the interest of justice. Costs and attorney's fees for proceedings concerning the motion to set aside Plaintiff's claims will serve no cogent purpose at this time.

## COUNT I

With the reinstatement of these claims, the Court must now address Defendant's motion to dismiss on the merits.[2] Defendant first argues that the portion of Count I seeking compensatory damages for pain and suffering under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, should be dismissed. The Court agrees. In 1976 the Court of Appeals for the First Circuit reversed a district court's finding that such damages were available. *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107 (1st Cir.1978). In that opinion the Court left open the possibility that at some time in the future inference of such damage remedies might be necessary to effectuate the goals of the statute. In 1982, the Court again described the damages available under the ADEA. Citing *Vazquez*, among others, the Court stated: "Unlike the tort plaintiff, the plaintiff suing under the ADEA may recover only 'those pecuniary benefits connected to the job relation.' . . . Pain and suffering form no part of the damages." *Kolb v. Goldring*, 694 F.2d 869, 872 (1st Cir.1982) (citations omitted).

Plaintiff suggests that because he has suffered little pecuniary damage the ADEA will be ineffective to redress the alleged age discrimination unless it is construed to provide damages for humiliation and suffering. Therefore, he argues that the First Circuit, despite its recent pronouncement, will reconsider its rule. Plaintiff also points the Court to several district court opinions which have permitted such awards to effectuate the Act's goals. Sometime after the opinions in those cases were issued, however, each of the circuits in which the district courts sit disavowed the position now advanced by Plaintiff. At present, at least ten circuits have decided that damages for pain and suffering and emotional distress are not available under the ADEA. *See Haskell v. Kaman Corp.*, 743 F.2d 113, 121, n. 2 (2d Cir.1984).

■ In light of the prevailing authority in the First and nine other circuits, this Court finds that damages for pain and suffering and emotional distress are not available under the ADEA and that the portion of Count I seeking such damages should be dismissed.

## COUNT II

■ Defendant also asserts that Count II should be dismissed to the extent that it seeks damages for pain and suffering and humiliation. Count II seeks relief for alleged discrimination under the Maine Human Rights Act, 5 M.R.S.A. § 4613. Both the First Circuit and this Court have determined that damages for pain and suffering and humiliation are not available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See, e.g., DeGrace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir. 1980); *Curran v. Portland Superintending School Committee*, 435 F.Supp. 1063, 1077 (D.Me.1977). The Maine Human Rights Act has been consistently construed by the Maine Supreme Judicial Court to parallel Title VII. *See, e.g., Maine Human Rights Commission v. City of Auburn*, 425 A.2d 990, 996 (Me.1981); *Wells v.*

**2.** Defendant, in accordance with the Court's Scheduling Order, has filed a new memorandum addressing Plaintiff's motion for reconsideration and the merits of its own motion to dismiss. Appended to that memorandum is the affidavit of Ward Graffam, an official of Union Mutual. Under Fed.R.Civ.P. 12(b), if matters outside the pleadings are submitted to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In this case the Court finds it expeditious to exclude the proffered affidavit and address the merits of the motion to dismiss as it was initially postured. By doing so, the Court may define the parameters of the case, avoiding delay that might occur while Plaintiff responded to the supplementary material. Of course, Defendant may still bring the material to the attention of the Court in a motion for summary judgment, if cause for such a motion still exists after the motions to dismiss have been resolved.

*Franklin Broadcasting Corp.*, 403 A.2d 771, 773, n. 4 (Me.1979); *Maine Human Rights Commission v. Local 1361, United Paperworkers International Union, AFL–CIO*, 383 A.2d 369 (Me.1978); *see also Percy v. Allen*, 449 A.2d 337 (Me.1982); *Perez v. State of Maine and Department of Manpower Affairs*, 585 F.Supp. 1535 (D.Me.1984). Therefore, although 5 M.R.S.A. § 4613(2) does indeed, as Plaintiff suggests, provide the Court with discretion to specify "an appropriate remedy or remedies" for discrimination, the Court finds that such remedies would not be construed to include compensatory damages for pain and suffering and mental distress.

## COUNT IV

Defendant has also moved to dismiss Count IV on the grounds that Maine does not recognize the tort claim of wrongful or bad faith discharge. Quite recently the Law Court addressed, but did not resolve the issue in the case of *Larrabee v. Penobscot Frozen Foods:*

> Although many other jurisdictions now recognize an action for wrongful discharge, the majority limit the cause of action to when the employer's motives violate some clearly defined policy.... We do not rule out the possible recognition of such a cause of action when the discharge of an employee contravenes some strong public policy.

486 A.2d at 100 (citations omitted). It is clear that the alleged discharge on the basis of age would violate the public policy against age discrimination expressed in the ADEA and the Maine Human Rights Act. The fact that such a public policy exists is not, however, determinative of the issue.

A remedy to vindicate the public policy against age discrimination in Maine has been set forth in great detail in the Maine Human Rights Act. Creation of a new tort would duplicate the remedies already provided for the statutorily-created right to be free from age discrimination, and is, therefore, not necessary or proper. *See Crews v. Memorex Corporation*, 588 F.Supp. 27, 29 (D.Mass.1984) *(citing Restatement (Sec-*

*ond) of Torts* § 874A (Tent.Draft No. 23–1977)). Moreover, creation of the common law action based on the public policy against age discrimination would disrupt the delicate balance represented by the remedial scheme set forth in the statute. *See Crews*, 588 F.Supp. 27. For example, the Human Rights Act and ADEA have prescribed statutes of limitations, conciliation provisions and damages provisions which would be undermined by allowance of a new tort remedy.

The foregoing considerations in varying combinations have led many federal courts interpreting state law to find that no common law cause of action exists when a statute has created a right and a remedial scheme for vindication of that right. *See, e.g., Trembath v. St. Regis Paper Co.*, 753 F.2d 603 (7th Cir.1985); *Crews*, 588 F.Supp. 27; *Pierce v. New Process Co.*, 580 F.Supp. 1543 (E.D.Pa.1984); *aff'd*, 749 F.2d 27 (3d Cir.1984); *Wehr v. Burroughs Corp.*, 438 F.Supp. 1052 (E.D.Pa.1977), *aff'd*, 619 F.2d 276 (3d Cir.1980); *Mahoney v. Crocker National Bank*, 571 F.Supp. 287 (N.D.Cal. 1983); *Chekey v. BTR Realty*, 575 F.Supp. 715 (D.Md.1983); *McCluney v. Joseph Schlitz Brewing Co.*, 489 F.Supp. 24 (E.D. Wis.1980); *Schroeder v. Dayton Hudson Corp.*, 448 F.Supp. 910 (E.D.Mich.1977); *contra, Savage v. Holiday Inn Corp., Inc.*, 603 F.Supp. 311 (D.Nev.1985); *Placos v. Cosmair, Inc.*, 517 F.Supp. 1287 (S.D.N.Y.); *McKinney v. National Dairy Council*, 491 F.Supp. 1108 (D.Mass.1980).

In predicting what the Maine courts would do if faced with the question, the Court finds that the Maine court, like the above-listed courts, would be loathe to tamper with the scheme which the legislature has established when there is no need to do so to provide Plaintiff with an adequate remedy. The Court holds, therefore, that no common law action exists under Maine law for wrongful discharge in violation of the public policy against age discrimination.

## COUNT III

In Count III Plaintiff alleges that Defendant breached an express or implied

contract with him by discharging him without just cause. Plaintiff alleges that the terms of the contract were established by the conduct of the employer as well as by the written personnel policies, handbooks, documents, manuals and performance review procedures. In the case of *Larrabee v. Penobscot Frozen Foods*, 486 A.2d 97, 99–100 (Me.1984), the Law Court held that parties may agree to an employment contract that is terminable by the employer only pursuant to particular terms such as "for good cause." The terms of the employment contract may be found in employment information documents and other communications between the employer and employee. *See, e.g., Wyman v. Osteopathic Hospital of Maine, Inc.*, 493 A.2d 330 (Me.1985).

Defendant argues that Plaintiff has not alleged with specificity the substance of the express agreement or breach. The Court disagrees. It has long been established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). Moreover, in considering a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), the complaint is to be liberally construed and is viewed in the light most favorable to the plaintiff. *Id.*

■ The complaint in this action alleges in pertinent part:

25. Defendant provided the Plaintiff and required the Plaintiff to act in accordance with written personnel policies, handbooks, documents, manuals, and performance review procedures, all of which established an actual express contract of employment between Defendant and Plaintiff, the terms of which were violated by employer's unwarranted discharge of Plaintiff.

26. The conduct of employer, together with the policies and procedures express-

ly adopted and imposed by the employer, gave rise to an implied contract between Defendant and Plaintiff that Defendant would deal with Plaintiff in good faith and that Plaintiff would not be discharged without just cause.

27. In April of 1982, Plaintiff was removed from his position as Second Vice President-Risk Management without just cause in violation of the express and/or implied contract of employment which existed between Plaintiff and Defendant....

It is clear to the Court that if one reads the three paragraphs together, Plaintiff has, for pleading purposes, adequately stated a claim under *Larrabee*.

Count III seeks "all damages, losses and expenses arising out of Defendant's violation and breach of employment contract." Defendant contends that that prayer for relief should be dismissed because it does not specify the special damages which were in the contemplation of the parties at the time of the making of the contract. Rule 9(g) of the Federal Rules of Civil Procedure provides that special damages must be specifically pleaded.

■ The Court finds that Count III does not state with adequate specificity the special damages sought. Plaintiff has, however, in his memorandum requested leave to amend the pleadings to allege damages with more specificity. Under Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires." The Court can see no possible prejudice to Defendant in allowing amendment at this time and will grant Plaintiff's motion to amend.

■ The Court further finds that punitive damages are not available under Count III, which sets forth Plaintiff's breach of contract claim. In *Forbes v. Wells Beach Casino*, 409 A.2d 646, 655 (Me.1979), the Law Court stated that "[a]s a general rule, exemplary damages are not recoverable for a breach of contract." Plaintiff argues that this is not a case which fits the general rule because the breach of contract in this case is tortious. In *In re Blier Cedar*

*Company, Inc.*, 7 B.R. 195, 196 (Bankr.Me. 1980) (Cyr, J.), the Bankruptcy Court for the District of Maine acknowledged *Forbes v. Wells Beach Casino*, but stated that "punitive damages may be awarded in an action for breach of contract where the acts constituting the breach also amount to a willful, independent tort. It is upon the underlying tortious conduct that punitive damages are based." The Court has decided above that Maine law does not recognize the tort of wrongful discharge in violation of the public policy of age discrimination. Since no independent tort exists, there exists no basis for punitive damages, *see id.*, and that portion of Count III seeking them must be dismissed.

Defendant's final contention is that Plaintiff's claims for attorney's fees, set forth in paragraph 4 of Count III, should be dismissed. Attorney's fees are not available in a contract action in the absence of an agreement by the parties providing for such an award. *Interstate Industrial Uniform Rental, Inc. v. Couri Pontiac, Inc.*, 355 A.3d 913, 923 (Me.1976). Plaintiff in this case has not alleged any agreement regarding attorney's fees. Therefore, that portion of Count III seeking attorney's fees will be dismissed.

Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration be, and is hereby, GRANTED. Defendant's Motion to Dismiss is GRANTED as to the claims for compensatory damages as set forth in paragraph 3 of the prayer for relief in both Counts I and II. Defendant's Motion to Dismiss Count III is hereby DENIED except to the extent that Count III asserts a prayer for punitive damages and a prayer for attorney's fees. The prayer for punitive damages set forth in paragraph 3, and that for attorney's fees in paragraph 4, of the prayer for relief in Count III are hereby DISMISSED. Plaintiff is hereby ORDERED to file by November 22, 1985, any amendment to the complaint specifying compensatory damages. Count IV is hereby DISMISSED. Defendant's motion for award of attorney's fees for having to defend meritless claims is hereby DENIED.