**Karen PAQUIN, Plaintiff,**

v.

**MBNA MARKETING SYSTEMS INC., et al., Defendants.**

No. 02–CV–09–B–S.

United States District Court, D. Maine.

April 11, 2002.

Timothy J. O'Brien, Robert C. Brooks, Verrill & Dana, Portland, ME, for Karen Paquin, plaintiff.

James R. Erwin, Ella L. Brown, Pierce, Atwood, Portland, ME, for MBNA Marketing Systems Inc, defendant.

## ORDER

SINGAL, District Judge.

Karen Paquin, a former employee of MBNA Marketing Systems, Inc., brought claims of sexual harassment against the company. Presently before the Court is Defendant's Motion to Dismiss Counts V through VII of the Complaint (Docket # 4). For the following reasons, the Court GRANTS the Motion.

### I. LEGAL STANDARD

In assessing the Motion to Dismiss, the Court accepts all of Plaintiff's well-pleaded facts as true, and draws all reasonable inferences in Plaintiff's favor. *See, e.g., Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 56 (1st Cir.2002). Only if it then appears that Plaintiff cannot prevail on any viable legal theory will the Court grant the Motion. *See, e.g., Barrington Cove Ltd. P'ship v. Rhode Island Hous. Fin. Corp.*, 246 F.3d 1, 5 (1st Cir.2001).

### II. FACTUAL OVERVIEW

Karen Paquin began working for MBNA Marketing Systems, Inc. ("MBNA") at its office in Orono, Maine, in August 1999. At the time Paquin was hired, MBNA was aware that her supervisor, William Appel, had a history of inappropriate sexual activity with his female subordinates. In 1996, the company had transferred Appel to his position at the Maine office after he became embroiled in a sexual relationship with a female employee at an MBNA office in Delaware.

Shortly after Paquin began working at the Orono office, Appel began making sexually suggestive comments to her and other female employees, and on one occasion showed her a photograph of a naked man. Paquin complained to MBNA management about this behavior, and in short order

Appel began to treat her poorly. He refused to recommend her for a performance award, became angry with her easily, and isolated her from other members of her work group by assigning her to a desk in a remote location of the office. Meanwhile, Appel continued his sexually suggestive behavior toward other female employees, favoring those who responded amiably to his innuendoes, and punishing those, like Paquin, who did not.

MBNA did not investigate Paquin's allegations, despite her repeated complaints. In an evaluation, MBNA even criticized Paquin for "commenting about management in a negative manner." (Compl. at ¶ 35, (Docket # 1).) Other female employees also complained to MBNA about Appel's behavior, to no avail. Ultimately, Paquin resigned from her position, citing Appel's behavior and MBNA's failure to correct it.

In time, Plaintiff filed a Complaint with the Maine Human Rights Commission ("MHRC"), and received "right to sue" letters from the MHRC and the federal Equal Employment Opportunity Commission. Plaintiff then filed a Complaint in this Court against MBNA. Counts I through IV allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551 et seq. Counts V through VII allege causes of action for negligent supervision, negligent hiring and negligent training based on MBNA's failure to prevent Appel's conduct. MBNA moved to dismiss Counts V through VII pursuant to Rule 12(b)(6).

## III. DISCUSSION

Defendant seeks only the dismissal of Plaintiff's common law counts. It argues that those counts fail to state claims upon which relief can be granted because (1) the negligence claims are "redundant torts," rendered superfluous by the MHRA; and (2) the Maine Workers' Compensation Act ("WCA"), 39–A M.R.S.A. § 104 et seq., has preempted all claims for negligent supervision, hiring or training filed by employees against their employers. Because the instant Motion concerns exclusively issues of Maine state law that are not well settled, the Court must attempt to predict how the Maine Law Court would rule if presented with these issues. *See, e.g., Pew v. Scopino,* 904 F.Supp. 18, 32 (D.Me.1995).

### A. Maine Human Rights Act

Defendant argues that Plaintiff's negligence claims are preempted by the MHRA. Defendant relies on two cases, *Greene v. Union Mut. Life Ins. Co.,* 623 F.Supp. 295 (D.Me.1985), and *Bard v. Bath Iron Works Corp.,* 590 A.2d 152 (Me.1991), to contend that because the MHRA is a remedial scheme enacted to combat the behavior Plaintiff alleges on the part of Appel, Plaintiff cannot also recover for the same violation of her rights under negligence principles. In *Greene,* this Court predicted that the Law Court would not recognize a tort of wrongful discharge brought concurrently with an MHRA claim for age discrimination. The Court reasoned that Maine law had already provided a remedy for the plaintiff's discrimination claim, and that the wrongful discharge claim was unnecessarily duplicative and threatened to undermine the statutory scheme. *Greene,* 623 F.Supp. at 299. The Law Court adopted *Greene's* reasoning in *Bard,* holding that a wrongful discharge claim could not be asserted against an employer in the same suit as a discrimination claim under the Maine Whistleblower's Protection Act. *Bard,* 590 A.2d at 156. "Where a statutory right and remedy are provided," the Law Court explained, "there is no need to recognize a redundant

tort." *Id.* (citing *Greene,* 623 F.Supp. at 299).

Plaintiff seeks to distinguish *Bard* and *Greene* on the grounds that they addressed claims for wrongful discharge, a claim not previously recognized under Maine law. By contrast, she argues, this case involves claims for negligent supervision, training and hiring, all of which are recognized.

That attempt to distinguish *Bard* and *Greene* is unavailing, however. There is no principled difference between a wrongful discharge claim for workplace discrimination and a negligence claim arising out of a supervisor's violation of anti-discrimination laws. In either case the common law claim seeks to remedy the violation of a right created by statute. The negligence claims merely achieve that purpose indirectly, by attacking the employer's failure to prevent its employee's behavior, rather than by attacking the behavior itself.

Moreover, Plaintiff does not articulate why it is significant that wrongful discharge was a "new" tort, whereas negligence claims have been previously recognized. The *Bard* and *Greene* courts reasoned that allowing a concurrent common law claim to remedy the violation of a right protected by the MHRA "would disrupt the delicate balance represented by the remedial scheme set forth in the statute ... For example, the [statutes] have prescribed statutes of limitations, conciliation provisions and damages provisions which would be undermined by the allowance of a ... tort remedy." *Greene,* 623 F.Supp. at 299. Like wrongful discharge, negligence remedies would inject uncertainty into a system crafted to define employer and employee duties and rights. It is irrelevant that one tort had previously been recognized, whereas the others had not.

Finally, Plaintiff contends that her negligence claims require different methods and quanta of proof than a claim under the MHRA, suggesting that they are not, like the wrongful discharge claims in *Bard* and *Greene,* redundant. Plaintiff has cited no authority in support of her contention, however, nor is it clear why the method of proof of common law claims should matter in this case. What concerned the courts in *Bard* and *Greene* were the muddling effects common law claims could have upon carefully drawn statutory schemes—effects that would be heightened by permitting two different standards of proof for recovery for the same violation.

The Court therefore finds that the Law Court would not permit Plaintiff to pursue her negligence claims for workplace sex discrimination. Pursuant to Rule 12(b)(6), Plaintiff's Counts V through VII fail to state claims upon which relief can be granted.

**B. Workers' Compensation Act**

Because the Court dismisses Plaintiff's negligence claims below, it declines to address Defendant's argument that the WCA preempts *all* common law causes of action by employees against their employers. *See* 5 M.R.S.A. § 104.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Counts V through VII of Plaintiff's Complaint (Docket # 4), and DISMISSES those Counts WITH PREJUDICE.

SO ORDERED.