**Catherine E. MALARKEY,**
**Plaintiff-Appellant,**

v.

**TEXACO, INC., Defendant-Appellee.**

**No. 945, Docket 82–7892.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 23, 1983.

Decided March 31, 1983.

Harvey N. Spizz, Mineola, N.Y. (Spizz & Cooper, Mineola, N.Y., on brief), for plaintiff-appellant.

Michael C. Pelletier, New York City (Louis Armand Dejoie, Whitman & Ransom, New York City, on brief), for defendant-appellee.

Before PIERCE, WINTER and PRATT, Circuit Judges.

PER CURIAM:

Catherine E. Malarkey appeals from a judgment of the United States District Court for the Southern District of New York, Charles S. Haight, Judge, entered July 23, 1982 pursuant to Fed.R.Civ.P. 54(b), dismissing Count Two of her complaint. This judgment was entered following appellee's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

In her complaint, appellant alleged that she has been an employee of appellee Texaco since 1964 and that, during the course of her employment, she has been the subject of discriminatory practices by Texaco. Appellant claims that she has been the subject of discrimination on the basis of age and sex because Texaco promotes women in general, and herself in particular, based on "arbitrary physical judgments as opposed to qualitative, objective evaluation of their skills;" that younger women are considered more attractive; and that she has been a specific victim of this practice although she is equally or more qualified than younger women who have been promoted. In the subject second cause of action, plaintiff claims that these acts constitute a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2(a)(1) (1976).

Under Fed.R.Civ.P. 12(b)(6), the trial court's inquiry is essentially limited to the content of the complaint. C. Wright & A. Miller, 5 Fed.Prac. & Proc. § 1356 (1969). The court below noted that if the complaint had alleged that men when compared to women were not subject to age or beauty criteria in determining their eligibility for promotions, the complaint would have stated a cause of action. 42 U.S.C. § 2000e–2(a)(1) (1976); *Sprogis v. United Air Lines,*

*Inc.,* 444 F.2d 1194 (7th Cir.), *cert. denied,* 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971). The district court concluded, however, that, as pleaded, the complaint did not state a claim under Title VII. *See Stroud v. Delta Air Lines, Inc.,* 544 F.2d 892 (5th Cir.), *cert. denied,* 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110 (1977). The court below noted:

> Nowhere does plaintiff allege that she was denied a promotion in favor of a male, and nowhere does she allege that she has at any time been in competition with a male. She has been in competition only with younger women, and for allegedly nonjustifiable reasons, has lost out to them. The complaint permits of no other construction.

We agree that, as pleaded, plaintiff failed to state a cause of action and we affirm substantially for the reasons set forth by the district court.