**Sandra M. ALVEARI, Plaintiff,**

v.

**AMERICAN INTERNATIONAL GROUP, INC., Defendant.**

**No. 84 Civ. 2691.**

United States District Court, S.D. New York.

July 13, 1984.

Eckhaus & Scolnick, New York City, for plaintiff.

Judith S. Scolnick, New York City, Lederer, Reich, Sheldon & Connelly, Chicago, Ill., and Michael S. Davis, New York City, for defendant; P. Kevin Connelly, Chicago, Ill., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Sandra M. Alveari ("Alveari") commenced this action alleging that her former employer, American International Group, Inc. ("American International"), violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1982), by (1) failing to promote her on account of her sex in June 1981 from her position as production manager and assistant manager to manager of the "major accounts" department; (2) terminating her on January 4, 1983, because of her sex and in retaliation for her having launched sex discrimination complaints against defendant, from her post in defendant's New

York regional office, to which she had been transferred in July 1981; and (3) thereafter, also on account of her sex and in retaliation for her complaints of sex discrimination, undertaking a campaign to discourage others from hiring her (Counts I, II, and III, respectively).[1] She also alleges that American International's conduct violates her rights under New York Executive Law § 296 (McKinney 1982), which prohibits employment discrimination on the basis of one's sex or opposition to unlawful employment discrimination (Count IV)[2] and constitutes prima facie tort under New York law (Count V).[3]

American International moves to dismiss Count I as time-barred, since the failure to promote Alveari in June 1981 occurred more than 300 days prior to the date her complaint was filed with the United States Equal Employment Opportunity Commission ("EEOC").[4] Defendant also seeks dismissal of Count IV on the alternative grounds that (1) the action is barred as a matter of state law, insofar as plaintiff, whose complaint was referred to the New York Division of Human Rights, has made an "election of remedies" under the New

York anti-discrimination statute and thus may not proceed in a direct court action to vindicate her statutory rights,[5] or (2) because the factors relevant to a discretionary exercise of pendent jurisdiction counsel dismissal.[6] American International also seeks dismissal of Count V, to which Alveari has consented, as indicated in her answering papers.[7]

*Count I*

New York is a "deferral" state under Title VII, and, accordingly, to avoid a time bar plaintiff was required to file her charge with the EEOC within 300 days of the occurrence of the alleged discriminatory action, which, in the case of defendant's failure to promote her, she states transpired in June 1981.[8] According to the facts alleged in the complaint, her charge was properly filed with the EEOC no earlier than June 17, 1983.[9] It is evident that Alveari's claim of a discriminatory failure to promote in June 1981, unaccompanied by any subsequent Title VII violation, would be time barred.[10]

Plaintiff, however, opposes the motion to dismiss Count I and asserts she may

1. 42 U.S.C. §§ 2000e–2(a)(1), –3(a) (1982).

2. N.Y.Exec.Law §§ 296(1)(a), (e) (McKinney 1982).

3. *See Burns Jackson Miller Summit & Spitzer v. Linder,* 59 N.Y.2d 314, 322, 451 N.E.2d 459, 467, 464 N.Y.S.2d 712, 720 (1983).

4. *See* 42 U.S.C. §§ 2000e–5(c), (e) (1982).

5. *See* N.Y.Exec.Law § 297(9) (McKinney 1982).

6. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

7. Plaintiff's Memorandum in Opposition at 1.

8. A "deferral" state is one having "a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice ...." 42 U.S.C. § 2000e–5(c) (1982). *See Mohasco Corp. v. Silver,* 447 U.S. 807, 817, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980).

9. Plaintiff submitted her complaint to the EEOC on June 17, 1983, but the complaint could not,

on submission, have been formally filed for the purposes of Title VII because, in a "deferral" state, a prerequisite to the filing of an EEOC complaint is pendency of the charges in the relevant "State or local authority" for the lesser of 60 days or that time prior to a termination of the state or local agency proceedings. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

In Alveari's case, no state agency proceedings were instituted prior to June 17, 1983, and the EEOC, following a practice approved in *Love v. Pullman,* 404 U.S. 522, 525, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972), referred the charges to the New York Division of Human Rights, and retained the complaint for formal filing after appropriate consideration by the state agency. The earliest date the complaint could be filed with the EEOC—upon an immediate termination of the state proceedings—would be June 17, 1983.

10. *See Delaware State College v. Ricks,* 449 U.S. 250, 256–61, 101 S.Ct. 498, 503–05, 66 L.Ed.2d 431 (1981); *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *International Union of Elec., Radio & Mach. Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 234–35, 97 S.Ct. 441, 446, 50 L.Ed.2d 427 (1976).

seek relief to redress the alleged unlawful failure to promote her in June 1981, on the ground that the non-promotion was part of a "continuing violation" of Title VII.[11] The continuing violation doctrine permits a Title VII claimant to seek relief based upon otherwise time-barred claims if the acts for which relief would otherwise be barred are the product of a "continuing violation" of the Act, and if at least one act, also the product of such a violation, is committed within the limitations period.[12] To plead such a violation, a litigant must allege facts indicating "a continuous policy of discrimination,"[13] "an unlawful program of discrimination,"[14] or "an alleged discriminatory pattern."[15] "[A] conclusory allegation of a continuing violation"[16] will not do.

 The allegations comprising Count I of the complaint fail to meet these standards. Plaintiff alleges no facts that reveal an official policy at American International to deny promotions to women, or otherwise to discriminate against women. Even if Count I sets forth facts indicating a policy to retaliate against individuals who protest sexually discriminatory practices, it is not alleged that the failure to promote plaintiff was in furtherance of such a policy. Alveari's simple and clear claim under Count I is that on a single occasion she was denied a promotion to a particular position, as had been promised to her upon her commencement of employment with the defendant. This is a separate and distinct claim from the remaining Title VII charges. The complaint does not state that the person responsible for terminating plaintiff from her position in the New York regional office, one John Johnson, even knew of the reasons motivating the failure to promote plaintiff to a position in an entirely separate office, or that he acted pursuant to orders of the person who failed to promote Alveari in 1981. Assuming the non-promotion was unlawfully motivated, plaintiff's claim under Count I is nevertheless not maintainable under Title VII. Count I must therefore be dismissed.

*Count IV*

 It is unnecessary to decide whether plaintiff is precluded as a matter of law

---

11. See *Berry v. Board of Supervisors*, 715 F.2d 971, 979–82 (5th Cir.1983); *Association Against Discrimination in Employment, Inc. v. City of Bridgeport*, 647 F.2d 256, 274–75 (2d Cir.1981), cert. denied, 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982); *Milton v. Weinberger*, 645 F.2d 1070, 1074–77 (D.C.Cir.1981); *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 105–06 (2d Cir.1978); *Egelston v. State Univ. College at Genesco*, 535 F.2d 752, 755 (2d Cir. 1976); *Collins v. Manufacturers Hanover Trust Co.*, 542 F.Supp. 663, 669–70 (S.D.N.Y.1982); *Sogluizzo v. Local 817, Int'l Bhd. of Teamsters*, 514 F.Supp. 277, 279 (S.D.N.Y.1981); *Marin v. New York Dep't of Labor*, 512 F.Supp. 353, 354–55 (S.D.N.Y.1981).

12. See, e.g., *Association Against Discrimination in Employment, Inc. v. City of Bridgeport*, 647 F.2d 256, 275 (2d Cir.1981), cert. denied, 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982). Although allegations indicating a "pattern or practice" of discrimination against a protected group, see *Cooper v. Federal Reserve Bank*, —— U.S. ——, ——, 104 S.Ct. 2794, 2800, 81 L.Ed.2d 718 (1984), suffice, see *Association Against Discrimination*, 647 F.2d at 275, it is not necessary that all employees or applicants who are members of a particular protected group be presently injured by the wrongful policy. See *Roberts v.*

*North Amer. Rockwell Corp.*, 650 F.2d 823, 826 (6th Cir.1981) (policy applied to three applicants); *Cox v. United Gypsum Co.*, 409 F.2d 289, 290 (7th Cir.1969) (claim of a single "layman"); *Collins v. Manufacturers Hanover Trust Co.*, 542 F.Supp. 663, 669 (S.D.N.Y.1982) (single employee); *Sciaraffa v. Oxford Paper Co.*, 310 F.Supp. 891, 896 (D.Me.1970) (Gignoux, J.) (senior women not affected by alleged continuing violation); cf. *Connecticut v. Teal*, 457 U.S. 440, 445, 102 S.Ct. 2525, 2530, 73 L.Ed.2d 130 (1982) ("Congress never intended to give an employer license to discriminate against some employees on the basis of race or sex merely because he favorably treats other members of the employees' group."); 118 Cong.Rec. 7565 (Mar. 8, 1972) (evincing intention to incorporate then-existing decisional law of "continuing violation").

13. *Association Against Discrimination*, 674 F.2d at 274.

14. *Milton v. Weinberger*, 645 F.2d 1070, 1076 (D.C.Cir.1981).

15. *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 105 (2d Cir.1978).

16. *Sogluizzo v. Local 817, Int'l Bhd. of Teamsters*, 514 F.Supp. 277, 279 (S.D.N.Y.1981).

from commencing a direct court action based upon her state statutory claim. Although the Court possesses the power to exercise pendent jurisdiction over the state law claim, the decision to retain jurisdiction is discretionary,[17] and the Court finds that the factors that guide exercise of that discretion warrant dismissal.

First, although a recent decision of the Supreme Court of the State of New York, New York County, purports to clarify the "election of remedies" issue, and, indeed, suggests that plaintiff may proceed by direct court action on her state statutory claim,[18] it is apparent that the theory relied upon by the single justice of the state court is complex, if not novel,[19] and, in any event, is not binding on this Court.[20] As the United States Supreme Court noted in *United Mine Workers v. Gibbs*,[21] "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."[22] Intrusion by this Court into the procedural thicket surrounding plaintiff's state law claim would be contrary to this mandate.[23]

Second, Title VII's core purpose is to provide an expeditious, equitable remedy for unlawful employment discrimination.[24] Count IV of the complaint seeks compensatory relief for emotional and mental distress in an amount of $100,000—relief not available in a Title VII action.[25] Retention of jurisdiction over the state statutory claim will thus inevitably add to the proof in this case and complicate what can be a simple, straightforward non-jury case.[26] The prospect of delay and frustration of the federal statutory purpose confirms that dismissal is warranted.[27]

Counts I and IV are dismissed in accordance with the foregoing. Count V is dismissed, upon consent of the plaintiff.

So ordered.

---

17. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

18. *Rodriguez v. B. Altman & Co.*, N.Y.L.J., May 7, 1984, at 14, col. 2 (Sup.Ct.)

19. Justice Wallach reasoned that a direct court action under the state statute could be maintained notwithstanding a referral by the EEOC of a claimant's Title VII complaint to the state agency, if the claimant "fil[ed] a disclaimer with the [Human Rights] Division stating that the referral ... was without his permission or consent, and that he withdrew his complaint from the Division." *Id.* Under this logic, a claimant could simultaneously maintain a Title VII action and a state statutory direct court action even though withdrawal of the complaint from the state agency had occurred prior to expiration of the 60-day deferral period. To achieve this result, however, the referral would have to be deemed to be on behalf of the claimant for Title VII purposes, but on behalf of the EEOC for purposes of state law.

20. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

21. 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

22. *Id.* at 726.

23. Plaintiff asserts the "election of remedies" rule does not apply to her because the state agency terminated consideration of her complaint for reasons of "administrative convenience." *See* N.Y.Exec.Law § 297(9) (McKinney 1982). No record clearly establishing such a termination, however, has been submitted to the Court, and, even if one were, the Court would not be relieved of applying a facially vague state procedural rule.

24. *See* 42 U.S.C. § 2000e–5(f)(5) (1982) ("It shall be the duty of the [chief or acting chief judge of the District] to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited.").

25. *Shah v. Mt. Zion Hosp. & Med. Center*, 642 F.2d 268, 272 (9th Cir.1981); *Bundy v. Jackson*, 641 F.2d 934, 946 n. 12 (D.C.Cir.1981); *DeGrace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir.1980).

26. *See Malarkey v. Texaco, Inc.*, 559 F.Supp. 117, 123 (S.D.N.Y.1982), *aff'd*, 704 F.2d 674 (2d Cir. 1983).

27. *See, e.g., Bennett v. Southern Marine Management Co.*, 531 F.Supp. 115, 117–18 (M.D.Fla. 1982) (dismissing state law tort claims for infliction of emotional distress).