Gratien ARNELL, George Arnold, Charles Borger, Louis Boynton, James Finnen, Arthur Kneale, James. Magill, Benjamin Romanowski, Joseph Triolo, Anthony Triolo and Flor Yglesias, as Administratrix of the Estate of Rodrigo R. Yglesias, Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant.

No. 84 Civ. 595 (WK).

United States District Court, S.D. New York.

June 25, 1985.

Ira Raab, Woodmere, N.Y., for plaintiff Yglesias.

Ormsten & Evangelist by Frank J. Evangelist, New York City, for remaining plaintiffs.

Townley & Updike by Kenneth McCulloch, New York City, for defendant.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

This is a consolidated action by several plaintiffs against their former employer, Pan American World Airways, Inc. ("Pan

Am"), for age discrimination, breach of an employment contract, breach of a covenant of good faith and fair dealing, intentional fraud and deceit, and negligent misrepresentations.[1] Only the first cause of action, discrimination on the basis of age in violation of the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (ADEA), states a federal claim. The remaining four involve questions of New York State law only. The case is before us on defendant's motions (1) to strike plaintiffs' prayer for relief with respect to the first cause of action insofar as it asks for compensatory damages based on violation of the ADEA; (2) to decline jurisdiction over the four claims brought under state common law; and (3) in the alternative to dismiss, with prejudice, the four asserted state law claims.

■ As a preliminary matter we grant defendant's motion to dismiss plaintiffs' request for compensatory damages under the ADEA. Every Circuit, including recently our own, has held that recovery for compensatory damages is not permissible under the ADEA. *Johnson v. Al Tech Specialities Steel Corp.* (2d Cir.1984) 731 F.2d 143, 147.

■ To address defendant's motion to decline pendent jurisdiction, we think it helpful first to summarize the entire complaint. Plaintiffs allege, essentially, that each of them was terminated by defendant in connection with a reduction in force, and that these terminations were wrongful on several grounds. With respect to the age discrimination claim, plaintiffs allege that defendant discriminated against them by firing highly competent, but more costly, older workers while retaining less qualified and less costly younger workers. To present a *prima facie* case on that claim plaintiffs must establish (1) that they were members of the protected group; (2) that they were adversely affected by an employment decision; (3) that they were qualified to do the job; and (4) either that they were replaced by younger persons or, in a reduction-in-force case, some evidence that employer's conduct was based on age. *See McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668; *Stanojev v. Ebasco Services, Inc.* (2d Cir.1981) 643 F.2d 914, 920–21; *Deutsch v. Carl Zeiss, Inc.* (S.D.N.Y.1981) 529 F.Supp. 215, 217–18. Once plaintiff has established a *prima facie* case, defendant must articulate some non-discriminatory reason for the employment decision. Plaintiff then has the opportunity to discredit the evidence by showing that the reason is pretextual. Thus, the critical evidence which plaintiffs will have to present in the instant action will include either evidence of direct discriminatory conduct, or evidence that defendant's employment policies were applied differently to older workers than to younger workers.

In contrast, plaintiffs' state claims raise different issues and require different kinds of proof. Plaintiffs' second cause of action alleges a breach of an express agreement not to terminate without cause. Although it appears to us that plaintiffs' employment could be characterized as employment-at-will, plaintiffs, to establish their claim, might present evidence that defendant's personnel policy manual and other documents, together with any statements made by defendant, created such an express agreement. The kinds of issues created by this particular claim include whether the documents created a contract, whether defendant made oral statements and, if so, whether any such statements, together with the documents, created a contract; and the effect of a "reservation of management rights" clause such as that which defendant had in its manual. With respect to these issues, each of the eleven plaintiffs was hired at a different time and each will have to present evidence to show that under the circumstances of his own hiring, an enforceable contract was created.

---

**1.** The consolidated action consists of three nearly identical complaints. For the sake of convenience, we refer to a single complaint.

Not only does this claim require different proof for each plaintiff, and raise issues different from those of the federal claim, thus requiring different evidence, but is also raises legal issues peculiarly suited for the New York courts. The circumstances under which policy manuals, or policy manuals in conjunction with statements and behavior, can create an enforceable contract is a developing area of New York law. *See Murphy v. American Home Products Corp.* (1983) 58 N.Y.2d 293, 304–05, 307–15, 461 N.Y.S.2d 232, 237, 239–43, 448 N.E.2d 86, 88–92; *Weiner v. McGraw-Hill, Inc.* (1982) 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441. In addition, an issue relevant to this claim in the instant action is the *res judicata* effect of Justice Beatrice Shainswit's 1981 opinion in *Wiegart v. Pan American World Airways, Inc.,* Index No. 8371/79, Supreme Court, New York County. In that case, in which a plaintiff class was certified, Justice Shainswit held that Pan Am's personnel policy manual did not create employee rights enforceable by a court. Whether plaintiffs were members of that class and what effect that decision has on the present claims are, we think, questions better suited for a New York court to determine.

Plaintiffs' third, fourth and fifth claims are basically spin-offs of their second claim and would require, essentially, the same proof necessary to that claim.

■ Whether we should exercise jurisdiction over plaintiffs' state law claims is a matter left to our discretion. In *United Mine Workers of America v. Gibbs* (1966) 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, the Supreme Court cautioned that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law ... [I]f it appears that the state issues substantially predominate, whether in terms of proof, the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id.* at 726–27, 86 S.Ct. at 1139.

■ In this action we think it appropriate to decline pendent jurisdiction. Where the considerations underlying the state claims are so different from those underlying the federal claim, the exercise of pendent jurisdiction would not advance judicial economy. *See United Mine Workers of America v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139; *Kelly v. Western Air Lines, Inc.* (D.Utah 1983) 34 EPD (CCH) ¶ 34, 423. Furthermore, plaintiffs' state claims implicate a developing area of state law, and require a determination of the effect of a prior decision in a New York class action which involved similar claims, both of which considerations lean towards the appropriateness of initial state court consideration. Finally, plaintiffs' state claims which, at least so far as they seek compensatory and punitive damages, involve questions of plaintiffs' mental state and defendants' malice irrelevant to an ADEA claim, could result in jury confusion. *Malarkey v. Texaco, Inc.* (S.D.N.Y.1982) 559 F.Supp. 117, 123, *aff'd* (2d Cir.1983) 704 F.2d 674; *see Haskell v. Kaman* (2d Cir. 1984) 743 F.2d 113, 120; *Deutsch v. Carl Zeiss, supra,* 529 F.Supp. at 219. Accordingly, we decline to exercise jurisdiction over plaintiffs' second, third, fourth and fifth causes of action.

In summary, plaintiffs' request for compensatory damages under the ADEA is stricken, and plaintiffs' state law claims (their second, third, fourth and fifth causes of action) are dismissed without prejudice.

SO ORDERED.