**Nadja De Magalhaes SPENCER, Plaintiff,**

v.

**BANCO REAL, S.A., Waldyr Bastos Jack Sitser and Newton Bleffe, Defendants.**

**No. 79 Civ. 6318 (SWK).**

United States District Court, S.D. New York.

Dec. 10, 1985.

Vladeck, Waldman, Elias & Engelhard, P.C. by Judith Vladeck, New York City, for plaintiff.

Epstein Becker Barsody & Green, P.C. by Gregory Hiestand, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

### PROCEDURAL BACKGROUND

On August 9, 1979, plaintiff filed charges with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging that defendant, Banco Real ("the Bank"), and the individual defendants had discriminated against her in the terms and conditions of her employment on the basis of her sex and national origin. One month later, the Bank discharged plaintiff, alleg-

edly for wrongfully taking various confidential bank documents without authorization.

On November 9, 1979, the Bank instituted a replevin action in New York Supreme Court to recover the documents allegedly taken and sought an order enjoining the plaintiff from disseminating these documents. Additionally, the Bank asserted five causes of action, based on state law, in connection with the documents: conversion, trespass, unfair competition, tortious interference with business and contractual relationships, and breach of fiduciary duty. Plaintiff denied taking these documents and asserted three counterclaims, also based on state law: intentional infliction of physical and emotional distress, defamation, and abuse of process.

On November 13, 1979, plaintiff filed two additional charges with the EEOC, claiming that both her discharge and the initiation of the state replevin action were in retaliation for the exercise of her rights under the Constitution and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

On November 15, 1979, two days after filing her retaliation charges, plaintiff removed the replevin action to this Court pursuant to 28 U.S.C. §§ 1441, 1443(1). Defendants then moved to remand the replevin action. On January 21, 1980, Judge Abraham Sofaer granted defendants' motion and in a subsequent opinion, criticized the initial removal to federal court: "Irrespective of the merits of plaintiff's claims, removal was *clearly inappropriate.*" (emphasis added).[1]

Meanwhile, on November 26, 1979, while defendants' motion to remand was sub judice, plaintiff instituted the instant Title VII action in federal court. In her complaint, plaintiff alleged that the defendants discriminated against her on the basis of sex, national origin, and marital status, and unlawfully retaliated against her while she was employed because she filed discrimination charges. Plaintiff also claimed that in

---

**1.** Opinion and Order Dated September 24, 1980, at 2.

further retaliation, the Bank instituted the state action.

In August, 1981, Judge Sofaer "So Ordered" a Stipulation and Order submitted by the parties which discontinued the state court action and provided that "the claims and counterclaims asserted in the state proceeding will be consolidated in this [federal] proceeding." There is no indication that the parties offered any reason why Judge Sofaer's initial finding that the federal court lacked subject-matter jurisdiction over the state court action should be reconsidered.

Pending before this Court are two motions: plaintiff's motion for partial summary judgment on three of defendant's five counterclaims and both parties' motions for the imposition of sanctions.

## SUBJECT–MATTER JURISDICTION

Before addressing the pending motions, this Court, *sua sponte*, requested that the parties brief the issue of whether the Court has subject-matter jurisdiction over the state law claims raised by both parties.

After considering the briefs submitted by the parties, the Court concludes that subject-matter jurisdiction over the counterclaims interposed by the Bank does not exist, and thus, these claims should be dismissed.[2] Additionally, since plaintiff's state law claims were initially asserted solely in response to defendant's counterclaims, and since these claims do not arise out of a common nucleus of operative fact with plaintiff's Title VII claim, this Court declines to exercise pendent jurisdiction over plaintiff's state law claims.

## DISCUSSION

■ Fed.R.Civ.P. 13(a) requires a litigant to "state as a counterclaim any claim … if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Such counterclaims are denominated compulsory, and no independent basis of federal jurisdiction is needed for the court to adjudicate the ancillary issues thus raised, if the main claim itself presents a colorable federal issue. *Harris v. Steinem*, 571 F.2d 119, 121–22 (2d Cir.1978).

■ Fed.R.Civ.P. 13(b) allows a litigant to assert any non-compulsory counterclaim against an opposing party. Such unrelated counterclaims are referred to as permissive, since a party need not plead them, but instead may bring a separate action on the claim in the forum of his own choosing. *Harris*, 571 F.2d at 121–22. However, if a permissive counterclaim is raised in a federal district court, an independent jurisdictional ground must exist. *Id.* at 122.

■ This Court agrees with the parties' contention that compulsory counterclaims fall under this Court's ancillary jurisdiction. However, the parties have erroneously assumed that the Bank's counterclaims are compulsory. In determining whether a counterclaim is compulsory, this Court must determine whether there is a "logical relationship" between the claim and the counterclaim. *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1980). This Court must determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. *Id.*

The Bank's counterclaims allege the torts of conversion, trespass, unfair competition, breach of fiduciary duty, and tor-

---

**2.** Another jurisdictional issue not addressed by the parties is whether the Bank's claims may be asserted as counterclaims in a Title VII action. *See EEOC v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1006 (5th Cir.1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981) (An employer may not counterclaim or defend based on tort claims when charged with discrimination in a Title VII action), and *Giles v. Roadway Exp., Inc.*, 529 F.Supp. 37 (S.D.Miss. 1981) (Defendants' counterclaims including allegations of civil conspiracy to prevent defendant from carrying on its business and to obtain unjust enrichment from defendant and malicious prosecution dismissed because all of defendant's counterclaims sound in tort). However, since this Court has dismissed the Bank's claims for other reasons, the Court need not resolve this issue.

tious interference with business contracts and relationships, including the taking, retention, and use of the Bank's property. These counterclaims are based upon the Bank's allegations of evidence that during her employment, plaintiff took and converted to her own use customer lists, trade secrets, secret formulas, and other proprietary information.

While the Bank's counterclaims bear some factual relationship to plaintiff's original claim of employment discrimination, they do not arise out of the same transaction or occurrence for the purpose of invoking ancillary jurisdiction. In fact, before this Court raised the issue of subject-matter jurisdiction, defendants' had conceded that these counterclaims were not compulsory:

> The claims that are the basis for the bank's counterclaim were thus initiated only after careful consideration of the serious nature of plaintiff's conduct, and only to protect the bank and its customers. They were and are asserted in good faith, with a legitimate basis therefor, *and are entirely unrelated to plaintiff's claims.*

Defendants' Memorandum of Law in Opposition to Plaintiff's Motion For Partial Summary Judgment, at 13 (emphasis added).

While the Court finds that this statement alone warrants a finding that the Bank's counterclaims are not compulsory, another factor also supports this finding. On several occasions, defendants' indicated that their primary purpose in raising these counterclaims was to enjoin plaintiff from disseminating the documents plaintiff allegedly removed from the Bank. *Id.* at 3, 19. While defendants' attempt to obtain a preliminary injunction may have merit, it is "unrelated" to plaintiff's Title VII claims.

■ Since the Bank's efforts to enjoin plaintiff from disseminating documents are not "logically related" to plaintiff's discrimination claims under Title VII, the Bank's counterclaims are not compulsory. Rather, they are permissive, and therefore require an independent basis of jurisdiction. Since defendants have failed to show any inde-

pendent basis of jurisdiction for these permissive counterclaims, the Court must dismiss these counterclaims. *See Harris v. Steinem,* 571 F.2d 119, 125 (2d Cir.1978).

## PLAINTIFF'S PENDENT CLAIMS

The remaining state law claims are those which were originally asserted by plaintiff as counterclaims in the state action: intentional infliction of emotional distress, defamation, and abuse of process. Plaintiff urges this Court to exercise its pendent jurisdiction over these claims.

■ The application of pendent jurisdiction is discretionary. *Federman v. Empire Fire & Marine Ins. Co.,* 597 F.2d 798, 809 (2d Cir.1979). A pendent claim is a cause of action without an independent federal jurisdictional basis, brought by a party who is also asserting a federal claim. The pendent and federal claims must share a "common nucleus of operative fact." *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Additionally, where the considerations underlying the state law claims are so different from those underlying the federal claim, the exercise of pendent jurisdiction would not advance judicial economy and should be denied. *See Arnell v. Pan American World Airways, Inc.,* 611 F.Supp. 908 (S.D. N.Y.1985).

■ Plaintiff's state law claims fail to derive from a "common nucleus of operative fact" with the Title VII claims and thus, this Court declines to exercise pendent jurisdiction over them. Plaintiff's claims of intentional infliction of emotional distress, defamation, and abuse of process are markedly different than the underlying federal discrimination claim. *Malarkey v. Texaco, Inc.,* 559 F.Supp. 117, 122 (S.D.N. Y.1982), *aff'd,* 704 F.2d 674 (2d Cir.1983) (Plaintiff's claim for negligent infliction of emotional and physical distress arising out of the alleged discrimination is not suited for the exercise of pendent jurisdiction). *See also Bouchet v. National Urban League, Inc.,* 730 F.2d 799 (D.C.Cir.1984)

(Pendent jurisdiction declined in Title VII action where state claims involved defamation and tortious interference with contractual relations); *Alveari v. American Intern. Group, Inc.*, 590 F.Supp. 228, 232 (S.D.N.Y.1984) (Retention of jurisdiction in Title VII action over state statutory claim seeking compensation for emotional and physical distress would "complicate what can be a simple, straightforward non-jury case"); *Kiss v. Tamarac Utilities, Inc.*, 463 F.Supp. 951 (S.D.Fla.1978) (Pendent jurisdiction declined in Title VII action where plaintiff alleged, *inter alia*, defamation and interference with employment relationships.).

■ Even if plaintiff's state law claims derived from a common nucleus of operative fact with the Title VII claims, however, the Court would decline to exercise pendent jurisdiction in the instant case. Plaintiff's state law claims were initially asserted in response to the Bank's state court action. Since the claims asserted by the Bank are dismissed, there is no reason for this Court to resolve plaintiff's pendent claims.

### THE STATE LAW CLAIMS WILL PREDOMINATE

■ Another reason for declining to exercise pendent jurisdiction over plaintiff's claims is that it appears these claims will predominate in this action. The Supreme Court has stated, with respect to pendent jurisdiction, that if it appears the state law issues will substantially predominate, whether in terms of proof, the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state law claims may be dismissed without prejudice and left for resolution to state tribunals. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). *See also, Arnell v. Pan American World Airways, Inc.*, 611 F.Supp. 908, 910 (S.D.N.Y.1985).

Plaintiff seeks damages of $250,000.00 with respect to her abuse of process claim,

$500,000.00 for her defamation claim, and $250,000.00 for her intentional infliction of emotional distress claim.[3] Since the relief available in a Title VII action is limited, the state law claims may become the predominant elements of the suit and may cause jury confusion. *See Bouchet v. National Urban League*, 730 F.2d 799, 805 (D.C.Cir. 1984) ("There is a great discrepancy between the relatively limited equitable relief available under Title VII (reinstatement and back pay) and the much broader relief sought under this appellant's state causes of action (full compensatory and punitive damages), so that the pendent claims might well become the predominant element of the lawsuit."). *Cf. Arnell v. Pan American World Airways*, 611 F.Supp. 908, 910 (S.D.N.Y.1985) (plaintiffs' claims seeking compensatory and punitive damages in age discrimination suit, involve questions of plaintiffs' mental state and defendants' malice which are irrelevant to ADEA claim and "could result in jury confusion.").

In sum, there is a danger that even without the five state law claims asserted by the Bank, the three state law claims asserted by plaintiff will become the predominant matters in this suit. This factor, therefore, also supports the Court's finding that the plaintiff's state law claims should be dismissed.

### THE PARTIES MAY LITIGATE THEIR CLAIMS IN STATE COURT

The Bank contends that "[a] finding of lack of subject matter jurisdiction over these counterclaims would severely prejudice the Bank should no other forum be determined to be available to adjudicate these claims". Defendants' Memorandum of Law In Support of the Court's Subject Matter Jurisdiction Over Defendants' Counterclaims, at 2.

■ However, since the Court has found that it lacks subject-matter jurisdiction to hear the Bank's claims, the fact that

---

**3.** Additionally, defendants have moved for punitive damages arising from plaintiff's alleged activities.

the Bank may be time barred to assert these claims in state court is of no moment.[4]

### CONCLUSION

Since this Court has no subject-matter jurisdiction over the permissive counterclaims asserted by the Bank, these claims are dismissed. The Court declines to exercise its pendent jurisdiction over plaintiff's pendent state law claims. Thus, plaintiff's summary judgment motion is now moot. The parties' motions for sanctions[5] relate solely to the state law claims. Thus, this Court will not resolve these motions.

SO ORDERED.

---

**4.** Moreover, the Bank will not be precluded from litigating in state court. In August, 1981, the parties stipulated and agreed not to assert any statute of limitations defenses with respect to the claims and counterclaims filed in the federal action which were initially brought in the state proceeding. Furthermore, N.Y.C.P. L.R. § 203(d) tolls the state statute of limitations periods during the pendency of federal actions.

**5.** Defendants' motion for sanctions addresses defendants' efforts to obtain plaintiff's medical records which are relevant to plaintiff's claims of serious physical and emotional injury. Plaintiff cross-moved for sanctions for the expenses incurred in responding to defendants' motion for sanctions. Plaintiff's medical records have no connection with the pending Title VII action and are only relevant to the state law claims.