**Paul B. KOEHLER**

v.

**CHESEBROUGH–PONDS, INC.**

**Civ. No. B–87–748 (EBB).**

United States District Court,
D. Connecticut.

March 1, 1988.

V. James Ferraro, New Haven, Conn., for plaintiff.

Mary Eigel Schifferli, McMillan & Associates, Stamford, Conn., Frank H. Czajkowski, Greenwich, Conn., for defendant.

**ORDER**

ELLEN B. BURNS, District Judge.

The ruling of the Magistrate is approved, adopted and so ordered, absent objection.

RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS COUNTS TWO THROUGH FIVE AND TO STRIKE CERTAIN ALLEGATIONS AND PRAYERS FOR RELIEF

JOAN GLAZER MARGOLIS, United States Magistrate.

Plaintiff, former medical director at Chesebrough–Ponds, Inc. ("defendant"), commenced this action on November 12, 1987 alleging that he was discharged in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") (Count I). Plaintiff also alleges state law claims for breach of contract (Count II), promissory estoppel and detrimental reliance (Count III), intentional infliction of emotional distress (Count IV), and abusive discharge in violation of Conn.Gen.Stat. § 46a–80(a)[1] (Count V).

On December 23, 1987, defendant filed a motion to dismiss counts two through five

---

1. Conn.Gen.Stat. § 46a–80(a) provides in relevant part that "a person shall not be disqualified from employment by the State of Connecticut or any of its agencies ... solely because of a prior conviction of a crime." The Court questions the applicability of this statute as it prohibits a *state* employer from terminating an employee on account of a prior criminal conviction.

of the complaint and to strike certain allegations and prayers for relief. Plaintiff's memorandum in opposition was filed on January 25, 1988. Defendant filed its reply brief on January 25, 1988. Oral argument was held on January 28, 1988.

For the reasons stated herein, defendant's motion is granted.

## DISCUSSION

In ruling on a motion to dismiss, the Court must presume all well pleaded factual allegations to be true, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and construing the complaint liberally in plaintiff's favor, may not dismiss plaintiff's claims unless it is clear that there exist no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1959).

Plaintiff was hired by defendant on December 16, 1974 and was employed as medical director until his discharge on March 19, 1987. At the time of plaintiff's discharge, he was 61 years old. Plaintiff was replaced by a younger individual. Plaintiff alleges that during his employment, he relied upon representations made to him through defendant's policies and personnel manual that plaintiff would not be terminated provided his performance remained satisfactory. Additionally, one of the implied representations defendant allegedly made was that it would act in good faith and fair dealing with plaintiff. Plaintiff alleges that his performance was satisfactory and that the reason for his discharge was pretextual in that he was discharged on account of his age. Plaintiff further alleges that defendant's conduct in terminating him was extreme and outrageous, causing plaintiff severe emotional distress and that such discharge was in retaliation for plaintiff's having pled guilty to one count of income tax evasion, thus constituting a violation of public policy as set forth in Conn.Gen.Stat. § 46a–80(a).

Defendant contends that the court should decline to exercise pendent jurisdiction over plaintiff's state law claims because of the different standards of proof and damages applicable to plaintiff's ADEA claim and because Connecticut law on implied contracts in the employment context and on abusive discharge is unsettled. In the alternative, defendant contends that Counts II through IV should be dismissed for failure to state a claim. Defendant also claims that certain allegations and claims for relief should be stricken from the complaint.

Plaintiff contends that the court should entertain plaintiff's pendent claims because they are interrelated and involve the same evidence as does his ADEA suit. Further, plaintiff states that the allegations in his state claims are sufficient to survive a motion to dismiss.

"[P]endent jurisdiction is a doctrine of discretion not of plaintiff's right." *United Mineworker's v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (*"Gibbs"*). In deciding whether to exercise pendent jurisdiction, the court engages in a two-step process. At the outset, the court must decide whether it has the power to hear the state claims. Next, the court must consider whether it should exercise its authority in a particular case. *Id.*

As to the first inquiry, there is *power* in the federal court to hear all claims if the federal claim is substantial and the state and federal claims "derive from a common nucleus of operative fact" and "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138. Defendant does not dispute the court's power to hear plaintiff's state law claims.

Assuming *arguendo* that the court has the authority to adjudicate such claims, the court then considers the likelihood of jury confusion, judicial economy, fairness to the litigants and convenience. *Id.* at 726–27, 86 S.Ct. at 1139–40. The court's discretion should be exercised so as to avoid "[n]eedless decisions of state laws." *Id.* at 726, 86 S.Ct. at 1139.

In this district, the courts have been particularly reluctant to exercise pendent jurisdiction over state law claims in ADEA suits. *See, e.g., Snyder v. J.M. Ney Com-*

*pany,* Civ. No. H85–653(JAC) (D.Conn. Mar. 25, 1987) [1987 WL 14970], *reprinted in* 13 *Conn.L.T.* No. 20, at 38 (May 18, 1987) (dismissing pendent claims for intentional infliction of emotional distress and breach of employment contract); *Herbst v. Chesebrough–Ponds, Inc.,* Civ. No. H85–481(TEC) (D.Conn. Sept. 16, 1986), slip op. at 4–6 [1986 WL 22358] (dismissing pendent claims for breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress). *Cf. Ulan v. Hartford Fire Insurance Co.,* Civ. No. H86–258(JAC) (D.Conn. Jan. 12, 1988), slip op. at 13 (dismissing pendent claims for breach of contract and fraud and misrepresentation); *Powell v. Feroleto Steel Co., Inc.,* 659 F.Supp. 303 (D.Conn.1986, Magistrate's Ruling, approved Dec. 19, 1986), slip op. at 7 (dismissing plaintiff's public policy discharge claim); *Douglas v. American Cyanamid Co.,* 472 F.Supp. 298, 306 (D.Conn.1979) (*"Douglas"*).

In the instant case, there would be a substantial potential for jury confusion were plaintiff allowed to try his state claims along with the ADEA claim. First, the remedies available under plaintiff's state law claims differ from those available under the ADEA. It is well settled that a plaintiff may not recover compensatory or punitive damages under the ADEA. *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 147–48 (2d Cir.1984); *Rotert v. Jefferson Federal Sav. and Loan Ass'n,* 623 F.Supp. 1114, 1126 (D.Conn.1985). Nor is plaintiff entitled to recover for emotional distress in an ADEA suit. *Haskell v. Kaman Corp.,* 743 F.2d 113, 120 (2d Cir.1984). Thus in exercising pendent jurisdiction, plaintiff would be permitted to pursue remedies which are not available under the ADEA. *See Douglas, supra,* 472 F.Supp. at 306. The possibility of inconsistent results would also not serve the interests of judicial economy or fairness to the litigants.

Second, there is a difference in the issues presented and the proof required in plaintiff's claims. To succeed on his ADEA action, plaintiff will need to submit evidence of defendant's discriminatory conduct. However, additional evidence will be required to prove plaintiff's pendent claims, thus enlarging the scope of the trial here. For instance, to support his allegations of breach of contract and breach of implied covenant of good faith and fair dealing in Count II, plaintiff will need to submit evidence of representations made by defendant's agents concerning plaintiff's continued employment as well as proof of the employment policies and personnel manual upon which plaintiff claims he relied. As to his emotional distress claim in Count IV, plaintiff would be required to submit proof of his mental state. *See Malarkey v. Texaco, Inc.,* 559 F.Supp. 117, 123 (S.D.N.Y.1982), *aff'd,* 704 F.2d 674 (2d Cir.1983) ("questions of plaintiff's mental state and defendant's malice irrelevant to ADEA claim, could result in jury confusion."). Lastly, evidence of the underlying charge against plaintiff for tax fraud would be submitted to prove plaintiff's retaliatory discharge claim in Count V. Such evidence is irrelevant to the ADEA action [2] and would further complicate and obscure the issues concerning such claim. *See Kelsey v. Sheraton Corp.,* 662 F.Supp. 10, 13–14 (D.Conn.1986) (Title VII); *Arnell v. Pan American World Airways, Inc.,* 611 F.Supp. 908, 909–10 (S.D.N.Y.1985). Plaintiff's suggestion that confusion would be avoided by the use of special interrogatories is not well taken. *See Snyder, supra,* slip op. at 10 (confusion and prejudice which would result in hearing plaintiff's emotional distress claim with his ADEA claim would not be controlled by the use of special verdict forms).

---

**2.** Plaintiff contends that evidence on his alleged retaliatory discharge is relevant because defendant is expected to assert as a defense to plaintiff's ADEA claim that plaintiff was terminated because he was criminally charged with tax fraud. Given the developing nature of retaliatory discharge claims in Connecticut, however, *see* p. 724 *infra,* the court declines to exercise jurisdiction over such cause of action despite any relevance to plaintiff's ADEA suit. *See also* n. 1 *infra.*

As defendant correctly notes, an exercise of pendent jurisdiction in this case would require the court to resolve thorny issues of unsettled state law. With respect to whether statements made in defendant's personnel manual are sufficient to constitute a contract, the Connecticut Supreme Court has stated that the issue "is not 'settled' law in Connecticut" and that "such representations, under appropriate circumstances," *may* form the basis of a contract. *Finley v. Aetna Life & Casualty Co.*, 202 Conn. 190, 198, 520 A.2d 208 (1987). The determination of whether a given set of circumstances is "appropriate" is best left for the state courts to decide.

With respect to plaintiff's claim of intentional infliction of emotional distress, Judge Blumenfeld has observed that "[t]he availability of such a claim in the employment context has been a subject of recent dispute in Connecticut." *Kelsey, supra,* 662 F.Supp. at 13. Although a recent Connecticut Supreme Court decision indicates that liability may be imposed in an employment case where conduct exceeds *"all bounds* usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind," *Petyan v. Ellis,* 200 Conn. 243, 254 n. 5, 510 A.2d 1337 (1986) (emphasis in original), it is not clear yet what type of conduct would give rise to liability under this standard. *Cf. Reed v. Signode Corp.,* 652 F.Supp. 129, 137 (D.Conn.1986) (in a case where the issue of pendent jurisdiction was not before the court, defendant's motion for summary judgment on plaintiff's intentional infliction of emotional distress claim was granted for

the reason, *inter alia,* that defendant's conduct could not be reasonably regarded as outrageous); *Collins v. Gulf Oil Corp.,* 605 F.Supp. 1519, 1522 (D.Conn.1985) (same).

Plaintiff has also claimed that his termination violated public policy as expressed in Conn.Gen.Stat. § 46a–80a. In *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980) the Connecticut Supreme Court recognized a tort claim for retaliatory discharge "where the discharge contravenes a clear mandate of public policy." *Id.* at 474, 427 A.2d 385. There, the court found an expression of public policy in the state statute with which plaintiff had insisted that his employer comply. While noting that the public policy represented in a state statute should not be ignored, the court declined to hold that violation of a state statute is a prerequisite to finding that a discharge violates public policy. More recently, the Connecticut court has characterized *Sheets* as establishing a "narrow ambit" and has acknowledged that "[g]iven the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception." *Morris v. Hartford Courant Co.,* 200 Conn. 676, 680, 513 A.2d 66 (1986). Whether Connecticut law would recognize a public policy discharge claim based on a violation of Conn.Gen.Stat. § 46a–80(a) is a matter more appropriately left for decision by the state courts.[3] For the same reason, the court would decline jurisdiction over plaintiff's claim for breach of covenant of good faith and fair dealing to the extent it is premised on public policy violation.[4]

---

**3.** At oral argument, plaintiff's counsel stated that Conn.Gen.Stat. § 46a–79 also expresses Connecticut's public policy with respect to the employment of criminal offenders. Conn.Gen. Stat. § 46a–79 provides in relevant part that "[i]t is ... the policy of this state to encourage all employers to give favorable consideration to providing jobs to qualified individuals, including those who may have criminal conviction records." Plaintiff's counsel conceded at oral argument that Conn.Gen.Stat. § 46a–79 pertains to the hiring as opposed to the termination of criminal offenders. In any event, whether plaintiff may premise a public policy discharge claim on defendant's violation of the policy ex-

pressed in Conn.Gen.Stat. § 46a–79 is best left for the state courts to decide.

**4.** Defendant contends that in *Magnan v. Anaconda Industries, Inc.,* 193 Conn. 558, 572, 479 A.2d 781 (1984), the Connecticut Supreme Court refused to extend the tort claim based on a public policy discharge to allow a separate contract action for breach of an implied covenant of good faith and fair dealing based on a discharge violating public policy. The Court notes, however, that *Magnan* does not foreclose the possibility of bringing such contract claim. *See Carbone v. Atlantic Richfield Co.,* 204 Conn. 460, 470, 528 A.2d 1137 (1987) ("absent a showing that the discharge violates an impropriety which

The cases relied on by plaintiff to support the exercise of pendent jurisdiction are inapposite. Plaintiff cites cases where, he contends, courts have permitted state law claims to be considered in an ADEA suit. Not only do these cases arise in other districts, however, some of them do not even discuss the issue of pendent jurisdiction. *See Cancellier v. Federated Department Stores*, 672 F.2d 1312 (9th Cir.1982) (affirming district court's award of punitive damages for breach of covenant of good faith); *Savage v. Holiday Inn Corp., Inc.*, 603 F.Supp. 311 (D.Nev.1985) (ruling on motion to dismiss state causes of action for failure to state a claim); *Brooks v. Trans World Airlines*, 574 F.Supp. 805 (D.Colo.1983) (motion for summary judgment). In *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 505 (D.Del.1977), unlike the present case, plaintiff's sole pendent claim for breach of an oral contract was not premised on a personnel manual or practices and the court noted that in order to prove such claim plaintiff would be required to present evidence identical to that needed to establish an ADEA violation. Also, in *Pettibon v. Pennzoil Products Co.*, 649 F.Supp. 759 (W.D.Pa.1986), the court permitted a state law claim for emotional distress to be maintained in the same action with an ADEA claim relying in part on the *settled* nature of Pennsylvania law and the fact that the scope of the trial would only be enlarged slightly by permitting the claim. As indicated earlier, this is not the case in Connecticut.

Thus, the Court declines to exercise jurisdiction over plaintiff's pendent claims in light of the significant potential for jury confusion, the unsettled nature of Connecticut law, and the fact that the interests of judicial economy and fairness to the litigants would not be served. Accordingly, Counts II through V are hereby dismissed [5] and defendant's request that the court strike plaintiff's prayers for compensatory and punitive damages is hereby granted in

that such damages are not recoverable under ADEA.

Plaintiff shall file an amended complaint consistent with this ruling within 20 days of Judge Eginton's action thereon.

*See* 28 U.S.C. Section 636(b); F.R.Civ.P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 29th day of January, 1988.

---

contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing").

**5.** The Court need not decide, therefore, whether the allegations of plaintiff's complaint are sufficient to state claims under state law.