**Charles H. MATHIS, Plaintiff,**

v.

**ALLIED WHOLESALE
DISTRIBUTORS, INC.,
et al., Defendants.**

**Civ. A. No. 87–269–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

March 4, 1988.

John A. Draughon, Macon, Ga., for plaintiff.

R. Napier Murphy, Macon, Ga., Raymond G. Chadwick, Jr., Augusta, Ga., for defendants.

### ORDER

OWENS, Chief Judge.

Before the court is a motion to dismiss count two of plaintiff's complaint filed by defendants Allied Wholesale Distributors, Inc. (Allied) and Louis M. Ferrando. These defendants assert in their motion that, pursuant to Rule 12(B)(1) of the Federal Rules of Civil Procedure, count two of plaintiff's complaint should be dismissed on the ground that this court lacks subject matter jurisdiction over these state law claims. Plaintiff asserts, however, that this court has jurisdiction to hear his state law claims because of the federal age discrimination claim alleged in count one of his complaint. Following a thorough review of the law relevant to deciding defendants' motion, the court makes the following ruling.

### Undisputed Facts and Conclusions of Law

Plaintiff Charles H. Mathis has asserted in count one of his complaint a claim based upon the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621–634. More specifically, Mr. Mathis asserts in count one of his complaint that defendant Allied fired him in order to replace him with a younger person. Based upon 29

U.S.C. § 626, this court clearly has jurisdiction to entertain such a claim.[1]

Count two of plaintiff's complaint alleges a claim against Louis M. Ferrando that is based upon state law. It appears from the pleadings that Mr. Ferrando and Mr. Mathis are both residents of the State of Georgia. Since this claim is not based upon diversity jurisdiction or a federal cause of action, the court must decide whether the federal cause of action alleged in count one confers upon this court jurisdiction to entertain the claim found in count two. Mr. Mathis asserts in his briefs that the doctrine of pendent jurisdiction allows this court to decide the pendent state law claims found in count two. Defendants Allied and Ferrando contend, however, that the proof required to demonstrate an ADEA violation is significantly different from the proof required to demonstrate the state law cause of action. Because of these distinctions, defendants contend that this court is without jurisdiction to entertain the state law claims, or in the alternative, the court should decline to exercise its discretion in hearing these claims.

The parties have cited to a number of cases standing for the proposition that where a valid ADEA claim has been alleged against a defendant, the court may or may not entertain the pendent state law claims. In deciding when to hear the state law claims, these same courts have focused upon the issue of whether the proof required to demonstrate the pendent state law claims would be significantly different from that required to prove an ADEA claim. The parties have overlooked, however, a significant fact common to all of these cases, but not present in the pending action before this court. In all of the cases cited by the parties, the defendant in the pendent state law claim was the same defendant named in the federal ADEA claim. In this case, however, Mr. Mathis has filed a claim based upon state law against a defendant that has not been sued under ADEA. Since Mr. Mathis and Mr. Ferran-

do appear to be residents of the same state the court must decide whether pendent *party* jurisdiction can be utilized to bring him into this action. The doctrine of pendent party jurisdiction entails bringing extra parties into a federal suit who could not otherwise be subjected to federal jurisdiction. The major Supreme Court pronouncement on pendent party jurisdiction is found in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). In *Aldinger,* the plaintiffs sought to couple their civil rights claim under 42 U.S.C. § 1983 against county officials with a state law claim against the county itself. Jurisdiction over the federal claim was based upon 28 U.S.C. § 1343(3) and pendent jurisdiction was asserted to be the basis for the state law claims over the county. The Supreme Court refused to assert jurisdiction over the county, finding that the facts of the case did not warrant the exercise of pendent party jurisdiction. While the Supreme Court in *Aldinger* did not completely overrule the possibility of recognizing pendent party jurisdiction in certain fact situations, the court indicated that before pendent party jurisdiction could be used in a case, there should be compelling facts to support the utilization of that type of jurisdiction. Included in the factors to be considered were not only judicial economy and convenience, but also whether the federal claim is exclusive to the federal court system. The Supreme Court in *Aldinger* stated,

> When the grant of jurisdiction to a federal court is exclusive, *i.e.,* as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all the claims be tried together. As we indicated at the outset of this opinion, the question of pendent party jurisdiction is "subtle and complex," and we believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction. Two observa-

---

1. 29 U.S.C. § 626(c)(1) provides:
   Any person agrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.

tions suffice for the disposition of the type of case before us. If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

*Id.* at 18, 96 S.Ct. at 2422. This court, therefore, must look to these factors to determine whether or not it should exercise pendent party jurisdiction over defendant Ferrando.

■ Plaintiff's ADEA claim is not one exclusive to the federal court system. 29 U.S.C. § 626(c)(1) provides that: "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." Under this section then, plaintiff could have originally instituted his age discrimination action in either the state or federal court system. *See Jacobi v. Highpoint Label, Inc.,* 442 F.Supp. 518, 520 (D.C.N.C.1977). Because the state court has concurrent jurisdiction over plaintiff's ADEA claim, considerations of judicial economy and convenience for the plaintiff should not normally be considered since he could have filed both his federal cause of action and his state cause of action in the state court system, thus achieving the desire to have one trial to resolve the entire controversy. *See* Comment, *Unravelling the "Pendent Party" Controversy; A Revisionist Approach to Pendent and Ancilliary Jurisdiction,* 64 B.U.L.Rev. 895, 917 N. 119 (commentator arguing that the Fifth Circuit has limited "pendent party" jurisdiction to cases involving exclusive federal jurisdiction); *but see Boudreaux v. Puckett,* 611 F.2d 1028, 1031 (5th Cir.1980). Furthermore, the fact that Congress in promulgating a remedy for age discrimination limited the Act solely to employers leads this court to believe that Congress has expressly and impliedly negated the existence of jurisdiction over a pendent party where that party is not an employer. *See Hensman v. Adams County Department of Social Services,* 623 F.Supp. 96 (D.C.Colo.1985). The court, therefore, finds that the doctrine of pendent party jurisdiction may not be used in this case to bring Mr. Ferrando into this action.

■ Even if this court were to decide that it had jurisdiction to entertain plaintiff's pendent party claim, the exercise of pendent jurisdiction is a discretionary decision reserved to the district court. *See Jackson v. Stinchomb,* 635 F.2d 462, 472–73 (5th Cir.1981). Unlike the typical pendent jurisdiction case where the plaintiff's claims have been brought against the same defendant, pendent party cases involve "subtle and complex" issues which should not be trampled over in a court's haste to exercise its power. *See Wicker v. First Financial of Louisiana Savings & Loan Association,* 665 F.Supp. 1210, 1214 (M.D. La.1987). Pendent party cases involve more serious obstacles to the exercise of pendent jurisdiction and should be examined carefully before the court exercises jurisdiction in such a case. *Id.* Looking at the differences between the required proof in an ADEA claim and the instant state law claim, the court believes that it is appropriate for a state court to decide the state law questions in this case. *See Arnell v. Pan American World Airways, Inc.,* 611 F.Supp. 908 (D.C.N.Y.1985). In addition, the court notes that should plaintiff continue to desire to have all of his claims tried in one forum, he may ask for a voluntary dismissal of the federal claims pending before this court. Once dismissed, plaintiff would be entitled to refile its action in the state court system. *See* O.C.G.A. § 9–2–61 (Michie 1982 & Supp.). In the alternative, plaintiff may continue to pursue his federal claims in this court, and, thereafter, he may wish to pursue his state law cause of action in the state forum.

In conclusion, the court has found that: one, the court does not have pendent party jurisdiction over plaintiff's state law claims; and two, that even if it did have

such jurisdiction, considerations of comity and fairness to the litigants require this court to not exercise its discretion in hearing the state law claims. Accordingly, the court DISMISSES without prejudice Mr. Mathis' state law claims alleged against Mr. Ferrando in count two. The motion to dismiss filed by Allied and Mr. Ferrando, therefore, is GRANTED.